Jackson, J.,
delivered the opinion of the Court.
If Mary Blaney had held the sugar-house estate under the will, she would also have taken all the easements, used and occupied with it by the tenants of the testator. According to the facts reported, these would have included the way and other privileges in question. This reference in a will, or * other [ * 446 ] conveyance, to the actual condition of the property, to ascertain what is granted, is not the most safe and convenient mode of describing it; but when the thing referred to can be rendered certain, the grant is thereby made certain. 10 Co. 63, Whistler’s case. It is true, also, if M. Blaney had held these easements as appurtenant to the estate, they would have passed by her deed to T. Mason, by the expression of “ all the privileges and appurtenances thereto belonging.” But it appears that M. Blaney did not hold this land under the will. The estate being insolvent, the rights of the creditors of the testator superseded those of the devisee. She did not sell as devisee, but as executrix under an order of the Court. As devisee, she had only a life estate; but she conveyed an estate in fee simple. She must be considered as having waived *362 the devise to herself, and sold under the power given to her, as executrix, by the order of the Court; as, otherwise, her conveyance would have produced a forfeiture of her particular estate, and T. Mason could have held nothing under it, against those in remainder.
Neither does the devise of the other estate confirm those supposed easements to the devisee of the sugar-house estate. The use of the well, yard, &c., is given to the two other daughters in common with M. Blaney, only in case they should choose to live separately from her. If they should all three continue to live together, this clause in the will, would not go into operation. It could not, therefore, have been intended as a recognition of the privileges or easements belonging to the other estate. And even if these easements, in favor of the sugar-house estate, had been expressly excepted in the other devise, they would have endured only as long as that first estate should endure, viz. for the life of M. Blaney; and that estate being now .determined, the easements would be extinct.
The title of the defendants is, therefore, to be considered in the same light as if Estes had died intestate. The executrix might have conveyed the land with all the privileges [ * 447 ] * mentioned in the devise to her; or by other apt words have referred to the will for a description of what she intended to convey. It would then have come within the rule before stated; and the description, although uncertain in itself, would be rendered certain by reference to the will. But her conveyance to T. Mason is made without any reference to the will, express, or implied, and must be construed in the same manner, as if no such will had existed.
The deed, considered in this view, cannot be construed more stwongly in favor of the grantee, than if it had been made by Estes himself. In that case, the easements in question would not have passed, unless they were either parcel of the premises that were expressly conveyed, or necessarily annexed and appendant to them. This is not like a conveyance of a manor, a messuage, or farm, &c. known by a certain name, and including sundry distinct tenements, buildings, or fields, which have been used with the principal thing, and reputed parcel of it; and which would pass under the general name of the manor, messuage, &c. This is a conveyance of a specific piece of land, carved out of a larger piece held by the grantor, and described by metes and bounds. In such a case, nothing could pass as parcel of the granted premises, but what is included within the boundaries expressed in the deed ; at least, none of the remaining part held by the grantor Neither could these *363 easements pass as appurtenant, under the general clause relating to privileges and appurtenances. It does not appear that the way and other privileges were ever used or claimed before Estes became seised of both the houses. If they had existed before that time, the right would have been extinguished by the unity of seisin in Estes. The general rule on this subject has not been questioned. In addition to the ancient cases collected in Vin. Abr. extinguishment C., may be cited the case of Whalley vs. Thompson Al., 1 Bos Pul. 371, which very strongly resembles the present. The exceptions are of things appendant * to the granted [ * 448 ] premises, and which are naturally or necessarily annexed to them. Such is the case of a natural water-course, and, perhaps, of an artificial conduit, running to the granted premises through other land of the grantor. The case of lights, also, in a house or other building, come within the same exception, when the windows open upon other land of the grantor of the house; as in Story vs. Odin, 12 Mass. Rep. 157. A way, when it is strictly a way of necessity, has been sometimes considered as falling under the same rule, and as passing to the grantee, or even being reserved to the grantor, without any express words of grant or reservation. In this case, however, it seems more correct to say that the way is newly created by the implied grant or reservation. But, in the case at bar, the way and other privileges claimed by the defendants, were not annexed to the sugar-house estate by any natural or legal necessity. It was a matter of ease and convenience only; which, as it must have arisen originally from the consent or agreement of the parties concerned, might be destroyed or extinguished in like manner. It cannot be distinguished from the common case of ways and easements, which are extinguished by unity of possession, and which cannot be claimed afterwards without a new grant.
The Court is, therefore, of opinion that the privilege and way in question did not pass by the terms of the deed of M. Blaney. If there has been such a user, as will establish the right claimed by the defendants, or estop the plaintiff from denying it, they will have opportunity to show that fact on the new trial.

New trial gi anted.