Wilcoxon v. McGhee.

————— •••⊙••• —————

REZIN WILCOXON, Appellant, v. THOMAS McGHEE, Appellee.

APPEAL FROM STEPHENSON.

A settler upon the public lands, cannot overflow other public lands by dams, or otherwise obstructing a stream, running through lands he may eventually purchase; he does not acquire this right by a subsequent purchase of the land, such a privilege not having been contemplated in making the grant.

The subject matter of the grant, is the *land*, having a fixed and definite description, nothing passes as parcel of the granted premises, beyond what is included within the boundaries expressed in the patent, or such as is necessarily and naturally annexed to the land.

The right to overflow adjoining lands, is not an appurtenance agreeing in nature or

quality with land itself; but such an easement more properly appertains to something that has been put upon the land.

Where a mill and its appurtenances are conveyed, the mill being the subject matter of the grant, the right to continue to overflow the lands of the grantor will continue to the same extent, as when the grant was made. But this rule does not apply to grants of land from the government.

McGhee sued Wilcoxon in the Stephenson Circuit Court, in an action on the case. The declaration contained three counts. The first count charged the defendant with having maintained, kept up and continued a mill dam across Richland Creek since the first day of October, A. D. 1846, causing the water to overflow the plaintiff's land, describing it. The second count charged the defendant with having obstructed the water of Richland Creek, causing it to overflow the plaintiff's land. The third count charged the defendant with having erected a mill dam on his own land across said creek on the 1st day of October, A. D. 1846, and with having continued it, thereby obstructing the natural course of the water of said creek, causing it to overflow the plaintiff's land.

To this declaration the defendant filed the general issue, and three special pleas. The first special plea, avers a purchase from the U. S. on the tenth day of July, A. D. 1844, of the land upon which the mill and dam are situated. That the dam and mill were erected before his purchase, and that the plaintiff purchased his land subsequently, and that the land purchased by the plaintiff as well as that purchased by the defendant, was overflowed at the time of the purchase.

The second special plea avers that on, and for a long time previous to the tenth day of July, 1844, there was and had been erected on the land of the defendant, a saw mill, and a mill dam across the said creek, which caused the water of said creek to flow the land of the defendant and also the land of the plaintiff, and that the water raised by the dam was used to carry the said saw mill; that on the 10th day of July, A. D. 1844, the defendant purchased of the U. S. the tract of land on which the mill and dam stood, with all the rights, privileges, immunities, and appurtenances thereto belonging; that at the time he purchased the land, the U. S. owned the land of the plaintiff, and that the plaintiff purchased of the U. S. with notice of the above facts, and subsequent to the purchase of the defendant.

The third plea is substantially the same as the second, with

the additional averment that the mill and dam had been lawfully erected, &c., and also averring that the tracts of land covered by the mill pond had been surveyed and platted by the U. S. as a mill pond.

A demurrer was filed by the plaintiff to the special pleas of the defendant, which was sustained by the Court.

A trial was had upon the general issue, and a verdict and judgment for the plaintiff for the sum of $12 50.   There was a motion for a new trial, and in arrest of judgment, which were denied.   The cause was heard before Sheldon, Judge, and a jury, at November term, 1849.

The appellant assigns for error, the sustaining the demurrer of the appellee to the special pleas of the appellant, and in overruling the motions in arrest of judgment and for a new trial.

M. P. SWEET, made the following points, and cited the following authorities in support thereof:

The defendant, by his patent from the U. S., acquired all the title of the government to the mill and dam, as well as the soil, and with the mill and dam, all things appurtenant to them.   Angell on Water Courses, pp. 1, 2, 4, 39, 44, 45;  New Ipswich Woolen Factory v. Batchelder, 3 N. H., 190;  5 S. & Rawle, Pa. Rep., 107, 169;  2 Hill, 620;  2 Black. Com., 16, 17;  10 Pick., 138, 141;  17 ibid. 23;  Co. Litt., 307;  1 Sum. U. C. C. R., 492.

The pond was appurtenant to the mill.   In legal parlance, the term appurtenance is used to signify something belonging to another thing as principal, and which passes as an incident to the principle thing.   Bouvier's Law Dict., 119;  10 Peters, 25;  Angell on Water Courses, 43;  1 Serg. &. Rawle, 169;  3 Saunders, 401.   The defendant, as the grantee of the government, had the right to enjoy the property granted, in the same condition in which it was, at the time of the grant.   5 Wend., 523.

The government sustains to its grantees, the same relation as grantor, that private persons do.   2 U. S. Dig., 926;  2 Hill, 620;  Angell on Wat. C., 1, 2.   It matters not what the intention of the grantor may have been, if by the terms of his deed, the right is conveyed.   6 Cowen, 518;  Angell on W. C., 4.

Where a right is granted by a riparian proprietor, to abut a mill dam on his shore, the grantee has *prima facie* a right to all

the water raised by the erection of the dam. Bliss *v.* Rice, 17 Pick., 23. A mill includes not merely the building in which the business is carried on, but includes the dam and other things annexed to the freehold and necessary for its beneficial enjoyment. Whitney *v.* Olney *et al.,* 3 Mason's C. C. Rep., 280.

The principle that an incorporeal right appurtenant to land, without an express grant of such incorporeal right or of the privileges and appurtenances, will pass by a deed of the land, is well established. Angell on W. C., 39; Co. Litt., 307, (*a*); 10 Pick., 138; 21 Wend., 290.

On the sale of the public lands, the patent transfers to the purchaser the entire legal estate and seizin, to the same extent the government held them. Cook *et al., v.* Foster, 2 Gil., 652 to 656.

In the grant of a thing, whatever is parcel of it, or of the essence of it, or necessary to its enjoyment, in common intendment, is included in it, and passes to the grantee. 3 Mason, 272, 284. If after the annexation of peculiar qualities, he alien one part of his heritage, it seems but reasonable, if alterations ·thus made are palpable and manifest, that a purchaser should take the grant burthened or benefitted as the case may be, by the qualities which the previous owner had given to it. 8 Penn., 383,

THOS. J. TURNER, for Appellee.

· The plea of the appellant which alleges that the U. S. were the owners of the W. ½ N. W. ¼ S. 11, T. 27, R. 7, and the E ½ N. E. ¼ S. 10, T. 27, R 7, and that they had a mill and dam on the W. ½ N. W. ¼ S. 11 aforesaid, which caused the water to flow back upon the E. ½ N. E. ¼ S. 10 aforesaid, is no answer to that part of the declaration, which charges the appellant with flowing other lands of the appellee than the E. ½ of N. E. ¼ S. 10 aforesaid. 3 Scam., 510; 5 Gil., 548.

All the rights of the grantor pass to the grantee, as well the right to remove injuries, as to recover rights, and the remedy lies to the grantee of the party first injured as well as against the grantee of the party first injuring. Angell on W. C., 148.

The government of the U. S. selling to the appellee the W. ½ N. W. ¼ S. 11, T. 27, R. 7, conveyed no right to continue ·to drown the E. ½ S. E. ¼ S. 10, nor any other land than the tract sold. 1 Sum. 492; 10 Peters, 25; 2 U. S. Dig., Sup., 926.

Under the land system of the U. S., the government selling to an individual, conveys the naked title to the tract sold, and no appurtenances pass by such sale except those attached to the soil of the particular tract. 2 U. S. Dig., Sup., 926. The U. S. cannot build saw mills, nor mill dams, within the limits of a state, nor sell mills, dams, or water power within a state without express authority from the State. 2 Public Land Laws, p. 5, No. 7.

The purchaser of a tract of land from the U S. is entitled to the land free from all incumbrance; and the grantee of the U. S. acquires the right of action, to recover damages, for the continuance of a nuisance erected previous to his purchase from the U. S. The building of the dam mentioned in the declaration, was a trespass upon the domain of the U. S., and a grantee of the U. S. acquires the right of action for continuing the dam, against the person who continues it. The purchasers of government land take the streams in common. Pub. Land Laws, Part 1, p. 54, §9, p. 56, §6.

Appurtenances only pass by grant, by a common person; if the government grants, they do not pass. 4 Bac. Ab., 534; Plow., 251. The government cannot sell except under a law, and a sale adverse to the law is void. Vattel's Law of Nations, 116. A reservation of a mill site, reserves the soil for the site. 6 Cowen, 677; 2 Caines' Cases, 87; 4 Bac. Ab., 535. So of a sale of a mill site. Land is not appurtenant to land.

TRUMBULL, J. This case presents the single question, of the right of a purchaser of a tract of public land, having upon it, at the time of the purchase, a mill and dam, which cause the water of a stream running through it to flow back upon other public lands, to continue the dam so as to overflow such other lands after they have been entered by individuals.

It does not appear from the record, that the person entering the land upon which the mill stood, paid anything additional on account of the mill, or for the privilege of flooding other lands; but he made the entry and received a patent in the usual form.

The manner in which the public lands are disposed of, the character of the parties to the grant, and its subject matter, are all circumstances proper for consideration in arriving at the intention of the parties; and when we look to these circumstances, there can be little difficulty in determining what rights are

25

acquired by a patentee of public land, especially when it is recollected that grants by the government are construed favorably for the grantor, and pass nothing by implication. 2 Bl. Com., 347; 5 Cruise's Digest, Tit. King's grant, §25 *et sequeter;* United States *v.* Arredondo, 6 Peters, 738; Charles River Bridge *v.* Warren Bridge, 11 Peters, 545.

Although the general government in its liberality permits a person to enter upon and subsequently to purchase a tract of public land at the minimum price, yet it could never have been its intention in granting this favor, to bestow also upon the settler, the privilege perpetually to inundate and render valueless, other tracts of public land, by damming up a stream running through the one which he might eventually purchase. The purchaser under such circumstances, pays nothing for the privilege of overflowing other lands, it is not a right necessarily or naturally appertaining to the land he purchases, and could never be presumed to have entered into the contemplation of the government, in making the grant.

The subject matter of the grant, is the *land,* having a fixed and definite description, and nothing passes as parcel of the granted premises, but what is included within the boundaries expressed in the patent, or is naturally or necessarily annexed to the land. Grant *v.* Chase, 17 Mass., 443; Manning *v.* Smith, 6 Conn., 289.

Regularly "nothing can be appendant or appurtenant, unless it agree in nature and quality with the thing whereunto it is appendant or appurtenant." Bac. Ab., Tit. Grants, I, 4. The right to overflow adjoining lands, is not an appurtenance agreeing in nature or quality with land itself, and though perhaps a convenience, is not absolutely necessary, to the enjoyment of the land; but such an easement more properly appertains to something that has been put upon the land, as in this instance, to the mill.

In the case of the conveyance of a mill and its appurtenances, and where the subject matter of the conveyance and principal thing granted is the mill, the right to continue to overflow the lands of the grantor, to the same extent as when the grant was made, would pass with the mill, as necessary to its use and enjoyment; but here, the subject matter of the grant was the *land,* and the right to overflow adjoining lands belonging to the gov-

ernment, was not an appurtenance annexed to it by any natural or legal necessity.

Let the judgment be affirmed.

*Judgment affirmed.*