MERRICK OGDEN, Appellant, *v.* RUFUS H. JENNINGS et al., Respondents.

Under the rule that by a grant or demise of a house or messuage without further description the curtilage and garden belonging to it passes with it, only the close adjoining to and on which the house is built passes. Other lands, although occupied with the house, will not pass unless particularly described, and it is immaterial whether they are necessary or not to the dwelling.

Nor will the use of the word "appurtenances" extend the grant so as to include other lands; by this word only incorporeal easements or rights and privileges will pass, and of these only such as are directly necessary to the proper enjoyment of the granted estate, a mere convenience is not sufficient to create a right or easement.

There is no legal implication that a space of ground set apart for a playground is a necessity for a country school-house.

In an action of trespass, defendants claimed under a lease to a school district of "the ground now occupied by the present school district for the sole and express purpose of a school-house * * * with the appurtenances." The school-house was built upon a long strip of uninclosed land adjoining a highway, a portion of which was the *locus in quo*, and which defendants claimed was used as a play-ground. The court charged, in substance, that the district had a right, under the lease, to so much of the land adjoining the school-house as was necessary for school purposes, and submitted to them the question as to whether the *locus in quo* was so necessary. *Held,* error: 1. Because the question of necessity was entirely immaterial. 2. There was no evidence that any necessity existed.

(Argued June 23, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action of trespass upon lands claimed by plaintiff, situate in the town of Virgil, Cortland county. Defendants pleaded title to the *locus in quo* in the trustees and inhabitants of school district No. 14 in said town, and that defendants entered thereon by order of one of the trustees. Prior to 1839 the school-house had been erected adjoining a highway. A rail fence had been constructed, commencing on the line of the highway, thirty-five rods north of the school and gradually diverging from the highway, passing in the rear of the school-house to a point ten rods south of the school-house. At the north end of the school-house this fence was thirty-two feet distant from the line of the highway. This strip of land between the highway and the fence was uninclosed. In 1839, one Jennings, who owned the land, executed to the trustees of the district a lease, a perpetual lease, of " all that certain piece or parcel of land, situate and being on lot 597, in the town of Virgil and on the ground now occupied by the present school district, for the sole and express purpose of a school-house, to have and to hold the said piece or parcel of land unto the said trustees," etc. In 1864, plaintiff, owning the adjoining land and claiming to own the uninclosed strip north of the school-house, built a fence along the line of the highway to near the north line of the school-house and from that point to the old fence. The defendants, inhabitants of the district, by the direction of one of the trustees tore down this fence, which was the trespass complained of. It appeared by the evidence that the school children had been in the habit of using the uninclosed strip, or portions thereof, as a play-ground.

The court charged the jury, in substance, that it was for them to determine whether the *locus in quo* was intended to be conveyed or was conveyed as a necessary incident to the conveyance of the site of the school-house. That if the property was necessary to the ordinary and rational use of the property actually conveyed, and is clearly within the description, then it went with it and belongs to the school-house, to which plaintiff's counsel duly excepted. Said counsel

requested the court to charge that the conveyance passed only the land on which the school-house stood and the other buildings belonging thereto and not the *locus in quo* or the use of it as a play-ground, to which the court declined and said counsel excepted. Further facts appear in the opinion.

*James E. Dewey* for the appellant. The lease executed by Jennings conveyed to the trustees only the land covered by the school-house and shed. (*Dygert* v. *Mathews*, 11 Wend., 37.) Land cannot pass as appurtenant to land. (10 Pet., 25, 26; 3 Sandf., 333; 1 J. Cas., 285, and note; 15 J. R., 447; 18 N. Y., 111; Coke Litt., 121; 49 Barb., 502; 7 Mass., 608, 609.) The adjacent land could not pass as an easement by the word appurtenant. (G. & W. on Easements, 3, 5, 7, 48.) The title vested in the trustees only, although the lease was to the trustees and inhabitants. (8 J. R., 385; 9 id., 73; 2 J. Cas., 321; Laws 1864, chap. 555, § 45.) The burden of proving authority from the board of trustees rested on the defendants. (1 Wait's L. and Pr., 768; 16 Barb., 131; 9 J. R., 362; 13 id., 276; 7 Cow., 753; 9 id., 687; 7 How., 166, 441; 11, Wend., 157.) Defendants failed to prove valid authority from the trustees. (1 Abb. Pr., 331; 16 Barb., 131; 6 Bosw., 153; A. & A. on Corp., 214, § 3; 229, § 6.) The authority could only be given by the whole board. (Laws 1864, chap. 555, art. 6, § 47; Laws 1858, p. 270, § 7; 3 R. S. [5th ed.], 869, § 29; Code of Instruction of 1868, p. 134; 14 How., 302; 4 Den., 125; 3. id., 594; 23 Barb., 350; 22 id., 137; 20 N. Y., 170; 5 Robt., 90; 33 How. Pr., 262; *Powell* v. *Tuttle*, 3 Comst., 396; *Lyon* v. *Jerome*, 26 Wend., 485; *City of Albany* v. *Cunliff*, 2 Comst., 165; *Vanderbilt* v. *Rich. Tpke. Co.*, id., 479; 8 Cow., 543.) The court erred in charging that if Jennings intended to convey the tract of land to the district, although not embraced in the description, the district had a good title to it. (56 N. Y., 242, 247; 54 id., 158; 18 id., 591; 44 id., 468; 56 id., 48.) The right to a play-ground did not pass by implication. It is not directly necessary to the enjoyment of a school-house. (G. & W. on

Easements, 57, 58, 61; Wash. on R. P., 282, 283, 306; Wash. on Easements, 165; *Nichols* v. *Luce*, 24 Pick., 104; *Holmes* v. *Seely*, 19 Wend., 510; *Pierce* v. *Selleck*, 18 Conn., 330; *McDonald* v. *Lindall*, 3 Rawle, 492; 3 Stephens' N. P., 27, 66; *Witter* v. *Harvey*, 1 McCord, 67; *Lawton* v. *Rivers*, 2 id., 445; *Turnbull* v. *Rivers*, 3 id., 131; *Seabrook* v. *King*, 1 N. & M., 641; *N. Y. L. and T. Co.* v. *Milnor*, 1 Barb. Ch., 362; *Wheeler* v. *Gilsey*, 35 How. Pr., 146; *Holmes* v. *Goring*, 2 Bing., 76; 2 Greenl. Ev., § 660; *Collins* v. *Prentice*, 15 Conn., 39, 44; *Vial* v. *Carpenter*, 14 Gray, 126; *Buckley* v. *Tolles*, 5 Taunt., 311.)

*M. Goodrich* for the respondents. One of the trustees had a right to authorize defendants to remove the fence without consulting with the other trustees. (*Thayer* v. *Wright*, 4 Den., 180.) The exception in the deed to plaintiff of "the lot the school-house stands on," included the strip of land fenced out to the district. (*Munn* v. *Worrall*, 53 N. Y., 44.) The subject-matter of the grant and the circumstances surrounding the parties to it, as well as the language of the conveyance to the district, must be considered and taken together as expressing the intent of the parties. (*French* v. *Carhart*, 1 Comst., 96; *Leroy* v. *Platt*, 4 Paige, 77; *Jackson* v. *Vermilyea*, 6 Cow., 677; *Voorhees* v. *Burchard*, 55 N. Y., 98.)

ALLEN, J. The effect and extent of the grant from Rufus Jennings to the school district was, by the charge of the judge at the Circuit, made to depend upon the solution of the question of fact, whether the use of the *locus in quo* was necessary to the district in order to a reasonable enjoyment of the granted premises for school purposes, rather than the terms of the grant and the description therein of the lands granted. The defendants prevailed at the Circuit and had judgment, from which the present appeal is brought, upon the finding of the jury that the disputed parcel of land was a necessary adjunct of the school-house as a play-ground for the

children attending the school and essential to a reasonable enjoyment of the property conveyed. If this play-ground was not included within the description of the premises granted, the grant could not be enlarged by the necessities, actual or supposed, of the grantee. It is urged that if the reasonable necessity of these grounds was established, the case would be within the familiar rule, that by the grant or demise of a house or messuage, without further description, the curtilage and garden belonging to it passes with it as part and parcel of it, and as embraced within the more worthy name of the principal thing granted or demised. But only the garden, curtilage and close, adjoining to the house and on which the house is built, passes under the general description. Other lands, although occupied with the house, will not pass except particularly described. *(Smith* v. *Martin,* 2 Saund., 400, and *n.* 2.) A devise of a house, with its appurtenances or lands appertaining thereto, may have a more extensive effect and carry other land, depending upon the intent of the testator as manifested by the entire will. *(Blackburn* v. *Edgley,* 1 P. Wm. 600; *Doe* v. *Collins,* 2 T. R., 498; *Buck* v. *Newton,* 1 B. & P., 53; *Bodenham* v. *Pritchard,* 1 B. & C., 350.)

In a grant or demise, the addition of the word "appurtenances" will not vary the effect of the grant or extend it so as to include other lands not parcel of the house and close mentioned. *(Bettisworth's Case,* 2 Coke, 516.) The rule stated does not result from the necessity of a garden or curtilage to the reasonable occupation and enjoyment of the house, but from the fact that they are regarded as in fact and in law parcel of it, and as technically within the grant and the description of the thing granted. If a grant is made of a house, and there is no garden, curtilage or close annexed to and a part of it, the grantee cannot claim, as incident to the grant, a garden and curtilage such as twelve men may say is reasonably necessary to the proper occupation and enjoyment of the house as a dwelling. Whether a garden is or is not necessary to a dwelling is wholly immaterial in interpreting

and giving effect to a grant of the messuage and determining what lands pass by the conveyance. So here, whether any or what extent of play-ground was convenient or necessary in connection with a school-house, was entirely immaterial in construing and determining the boundaries of the grant.

It is also urged that, by reason of the reasonable necessity for these lands as a play-ground for the pupils, the title passed as "appurtenant," and under the clause "*cum pertinantes*" in the deed; and the cases in which easements "of necessity" have been sustained, are referred to by the court below, and the learned counsel for the respondents.

The principle was carried in this case beyond the creation of a mere easement, and was made to effect a change of title to lands other than those included within the grant. It is well settled that, in a deed, the word appurtenances will not pass any corporeal real property, title to lands, but merely incorporeal easements or rights and privileges. It cannot include a strip of land adjacent to that granted. A title to land will not pass by implication. (*Jackson* v. *Striker*, 1 J. Ch., 284; *Jackson* v. *Hathaway*, 15 J. R., 447; *Buszard* v. *Capel*, 8 B. & C., 141; S. C., in Ex. Ch., 6 Bing., 150.)

Easements exist as appurtenant to a grant of lands, and as arising by implication, only by reason of a necessity to the full enjoyment of the property granted. Nothing passes by implication, or as incident or appurtenant to the lands granted, except such rights, privileges and easements as are directly necessary to the proper enjoyment of the granted estate. Upon the grant of a mill, every right necessary to the full and free enjoyment of the mill passes as incident to the grant; and the necessity measures the extent and duration of the right. When the necessity ceases, the rights resulting from it cease. It must be an actual and a direct necessity. A mere convenience is not sufficient to create or convey a right or easement, or impose burthens on lands other than those granted, as incident to the grant. In all cases the question of necessity controls. (*Holmes* v. *Seely*, 19 Wend., 507; *Nicholas* v. *Chamberlain*, Cro. Jac., 121;

*Oakley* v. *Stanley*, 5 Wend., 523; *Tabor* v. *Bradley*, 18 N. Y., 109; *Le Roy* v. *Platt*, 4 Paige, 77; *French* v. *Carhart*, 1 Comst., 96; *Voorhees* v. *Burchard*, 55 N. Y., 98; *N. Y. L. Ins. and T. Co.* v. *Milnor*, 1 Barb. Ch., 353; *Warren* v. *Blake*, 54 Maine, 276; *Pierce* v. *Sellick*, 18 Com. 321.) The necessity of a proper head of water for the profitable operation of a mill, a mill-yard to a saw-mill, of a way of access in order to the occupation of any granted premises, is palpable, but the necessity of a play-ground or an open court, except for light and air, about a school-house is not apparent. There was no evidence that appurtenances of that character were either usual or necessary for any purpose connected with the proper conduct of the school, or to the health or welfare of the children. That such appendages are not a universal necessity is very evident. Indeed, there was no evidence that a space for a play-ground was even a convenience for any proper school purpose. It, doubtless, may be a source of pleasure to the children, but that will not suffice to create an easement by implication, or as appurtenant to the granted lands. The law will not imply that a space of ground set apart for the exercise and diversion of the children, is a necessity for a country school-house, or that for all recognized school purposes the district may not have and enjoy the school-house and premises fully without such an adjunct, and it would require very cogent evidence to establish a right to such grounds as passing by implication and as an incident to a conveyance of a school-house. Here there was no evidence to warrant the submission of the necessity of such an incident to the jury.

It was error for the judge to submit it as the pivotal question of fact in the action, for two reasons: 1st. It was, under the circumstances, an immaterial question, and neither the cause of action nor defence properly depended upon its determination. And 2d. There was no evidence that any necessity existed for the possession by the district of this or any other parcel of ground as a play-ground. This would lead to a reversal of the judgment unless on examination of the grant,

in connection with the evidence and the plaintiff's title, it is evident that the action cannot be maintained.*

\* \* \* \* \* \* \* \* \* \* \*

The judgment must be affirmed.

All concur.

Judgment affirmed.

\* The judge then proceeded in the examination of the title from the common source of title of the respective claimants, and upon an interpretation of the various deeds, came to the conclusion that the plaintiff had no title to the *locus in quo*, and thereupon determined that the judgment should be affirmed.