Barrett v. Bell.

BARRETT v. BELL, *Appellant.*

1. **Appurtenance, what is.** The term "appurtenance" carries with it no right or interest in property on other lands of the grantor not included in the deed under which the grantee claims. It cannot be made to include anything not situated on the land described, although it belong to the grantor and be used by him in his business.

2. ———. A kettle situated upon a lot not included in the lease of hotel property, and not indispensable to its enjoyment, although a convenience to such property, and used by the grantor in connection therewith, is not an appurtenance thereto, and the grantee may, at any time, be deprived of its use by the grantor.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Smith & Krauthoff* for appellant.

The court erred in admitting the statements of Hall to plaintiff at the time of the negotiations between them

for the assignment of the lease. They were hearsay. *Reed v. Pelletier*, 28 Mo. 173; *O'Neil v. Crain*, 67 Mo. 250. The first instruction given on behalf of plaintiff was wrong. It submitted to the jury a question of law. Plaintiff's second instruction was wrong. It declared that plaintiff's claim could only be sustained upon the ground that the kettle was an appurtenance belonging to the hotel. Appurtenances are things belonging to another thing as principal, and which pass as incident to the principal thing. Burrill's Law Dictionary. "The true test as to whether a thing is an incident or appurtenance, seems to be the propriety of relation between the principal and adjunct which is to be ascertained by considering whether they agree in nature and quality, so as to be capable of union without incongruity, and is actually and directly necessary to the full enjoyment of the property." Wood on Landlord and Tenant, § 213, pp. 310, 311, 312 note; *Ogden v. Jennings*, 62 N. Y. 526, 531, and cases cited, pp. 531, 532. It was wrong, therefore, to tell the jury "appurtenances" meant "all property, real or personal, that was used as part of the hotel." This action must rest solely upon the language of the lease. *Spaulding v. Abbott*, 55 N. H. 423, 427. There is nothing to support the requirement of the law that this kettle must have been an actual necessity, and, as a matter of convenience, it was a mere privilege which Bell had a right to extinguish at any time. *Grant v. Chase*, 17 Mass. 443; *Johnson v. Jordan*, 2 Met. 234. The third instruction asked by defendant should have been given. The word appurtenance will carry with it no rights or interest in property of the grantor on other lands owned by him. In order to pass, the property must be situated upon the same land. *Bolton v. Bolton*, 11 Ch. Div. 969; *Leonard v. White*, 7 Mass. 6; *Frey v. Drahos*, 6 Neb. 1; *Maitland v. Mackinnon*, 1 Hurl. & Colt. 607.

*January & White* for respondent.

SHERWOOD, J.—Action brought before a justice of the peace to recover damages alleged to have been suffered by plaintiff, because of the removal by defendant of a certain iron kettle from certain premises alleged to have been leased to the plaintiff by the defendant; and it was, also, alleged in the complaint that the kettle was a fixture, and constituted a portion of the leased premises, *i. e.*, the "Bell House" and the property appurtenant thereto. The answer of the defendant was a general denial.

Upon the trial, the plaintiff testified in his own behalf, that since June, 1880, he had been the proprietor of the "Bell House" in the town of Holden, and in connection with it used the kettle in question for heating water with which to scrub the floors and clean the hotel. The kettle was situate on lots 30 and 31, north of the hotel; that he had possession of the "Bell House" by virtue of a written lease made by the defendant to one R. P. Hall, dated October 1, 1878, for three years, and by Hall assigned to him on July 1, 1880, with the consent of defendant.

The said lease was then offered in evidence. The portion material to this case was the granting clause, which was as follows: "That the said Richard Bell has this day leased and rented to the said R. P. Hall, for and during the three years from and after the first day of October, 1878, the Bell House in the town of Holden, Johnson county, Missouri, situate on the north part of lots 60 and 61, said ground being forty-six feet front on Pine street by 138 feet deep in said town, with all the appurtenances thereunto belonging."

It is quite apparent from the language of the complaint, as well as the language of the lease, that the controlling question in this case is whether the kettle, which was not on the lots specified in the lease, but was set in an iron arch or furnace, situated on lots 30 and 31, north of the hotel, and separated from the lots on which the hotel

was built by an alley some twelve feet in width, was one of the "appurtenances" belonging to the hotel and embraced within the terms and specifications of the lease. The lease, it will be noted, and as before stated, does not embrace the lots on which the kettle was situated, nor is there any evidence that defendant was owner of those lots.

The term "appurtenances" carries with it no rights or interest in property of the grantor on other lands which he owns, lands not included in the deed under which the grantee claims. *Bolton v. Bolton*, 11 Ch. Div. 968; *Leonard v. White*, 7 Mass. 6. It cannot be made to include anything not situate on the land described, though it belong to the grantor and be used by him in his business. *Frey v. Drahos*, 6 Neb. 1. In that case, the mortgage described the property as "one frame grain elevator warehouse situated on the ground of the Sioux City & Pacific R. R. Co., east of their side track, etc., etc., with all the appurtenances thereto belonging."

Other property, however, in addition to that mentioned was sold under the mortgage, to-wit: An engine and boiler complete, grate bar, wrenches, gauge cock, pump and pipe, rubber belt, bars of iron, one engine house, one Fairbanks scales complete and one office ten by twelve feet in size, as among the "appurtenances," embraced in the mortgage. The office building and Fairbanks scales, engine, etc., were at least 100 feet distant from the elevator warehouse, and used by the owners in the prosecution of other business, as well as in handling grain, and the engine, etc., was also used for other purposes and was not connected with the machinery of the warehouse, except as occasionally connected by means of the rubber belt, when that machinery was in operation, and when not so in operation, the rubber belt was taken off and laid aside; and it was ruled that no property, outside of that described in the mortgage, passed by that instrument, or was embraced in the general term "appurtenances thereto belonging."

And where there was a conveyance of a specific tract

of land, this was held not to carry with it as appurtenant, property not situate upon the land described. And this rule was applied to a case of a well and an out house on an adjoining tract owned by the grantor, and to a way to them over such tract. *Grant v. Chase*, 17 Mass. 443. Again, it does not appear in evidence that the use of the kettle was indispensable to the enjoyment of the premises conveyed, and unless this were so, such use could, in no circumstances be regarded as appurtenant to the hotel. The lease was still effectual and the hotel useful after the kettle was taken away. The fact that the kettle was a convenience, does not make it an appurtenance nor have any effect upon the construction of the lease. *Spaulding v. Abbott*, 55 N. H. 423, and case cited.

In a well considered case in the court of appeals of New York, it was said: "Easements exist as appurtenant to a grant of lands, and as arising by implication, only by reason of a necessity to the full enjoyment of the property granted. Nothing passes by implication, or as incident or appurtenant to the lands granted, except such rights, privileges and easements as are directly necessary to the proper enjoyment of the granted estate. Upon the grant of a mill, every right necessary to the full and free enjoyment of the mill passes as incident to the grant; and the necessity measures the extent and duration of the right.     *    *     When the necessity ceases, the rights resulting from it cease. A mere convenience is not sufficient to create or convey a right or easement, or impose burthens on lands other than those granted, as incident to the grant. In all cases, the question of necessity controls." *Ogden v. Jennings*, 62 N. Y. 526, 531, and case cited, pp. 531, 532.

In a valuable work on Landlord and Tenant, the following is deduced as the rule: "The true test as to whether a thing is an incident or appurtenance seems to be the propriety of relation between the principal and adjunct which is to be ascertained by considering whether they agree in nature and quality, so as to be capable of union without

incongruity, and is actually and directly necessary to the full enjoyment of the property." Wood on Land. and Ten., § 213, pp. 310, 311, and note on p. 312.

As the evidence in this case does not show the use of the kettle was a "necessity" this fact deprives such use of the chief attributes of an appurtenance. "It was a matter of ease and convenience only," which having arisen by mere consent of the parties, could be destroyed by withdrawing that consent at any time. *Grant v. Chase, supra*; *Johnson v. Jordon*, 2 Met. 234.

For these reasons, the cause was not tried upon the correct theory and the judgment should be reversed and the cause remanded. All concur, except HOUGH, C. J., absent.