ELIZABETH GRIFFITHS, Respondent, v. EDWARD A.
MORRISON and Others, Appellants.

*Conveyance of land with the buildings thereon—appurtenances—what will not pass as.*

Prior to 1880, the plaintiff was the owner of two lots of ground, with the build-
ings thereon, known as Nos. 141 and 143 West Forty-ninth street, each of which
was twenty-two feet front and rear, and one hundred feet four inches deep.
Upon the rear of No. 141 had been erected a small structure, the west wall of
which was within, and five feet eight inches east of, the west line of the said lot.
Thereafter a similar structure was erected upon the rear of lot No. 143, which
extended over lot No. 141 to the west wall of the other structure. The second
structure had no east wall, its beams being supported by piers. Thereafter
the plaintiff conveyed to the defendant Morrison's grantor the said lot No. 143,
by a deed describing it as twenty-two feet front and rear, by 100 feet four inches
in depth, together with the buildings and improvements thereon and the
appurtenances.

*Held,* that no right was conferred by such deed to continue and maintain upon
the five feet eight inches of lot No. 141, the portion of the structure in the rear
of No. 143 which had been constructed upon such five feet and eight inches.

Appeal from a judgment in favor of the plaintiff, entered upon a
verdict directed by the court.

*James J. Thomson,* for the appellants.

*Samuel Jones,* for the respondent.

Brady, J.:

This is an action of ejectment. It appears that James Wakely was the owner of two lots of land in the city of New York, known as Nos. 141 and 143 West Forty-ninth street. These lots were each twenty-two feet front and rear and one hundred feet four inches in depth. Mr. Wakely conveyed them to the plaintiff by deed dated November, 1863. By deed dated June, 1880, the plaintiff conveyed to Mary Larkin, afterwards Laverick, the lot and premises 143, and the latter, by deed dated April 1, 1882, conveyed the same premises to the defendant Morrison. In the deed from the plaintiff to Larkin the lot was described as twenty-two feet front and rear by one hundred feet and four inches in depth, and was conveyed with the buildings and improvements thereon, together with the appurtenances. It appears that there was a small structure built upon the rear of lot 141, which was complete, walls and all, before a kindred structure was erected upon the rear of lot 143. The structure upon the rear of 141 did not cover the whole lot. The structure upon 143 covered not only the rear of that lot but extended about five feet eight inches over the line of lot 141 and up to the west wall of the structure erected upon 141, and the west wall of 141 therefore formed the easterly wall of the structure upon 143. The walls of the structure of 143, although they extended to the westerly wall of 141, were not keyed to it. The beams rested on piers. The dispute is as to the right of the defendant, under his deed, to occupy the five feet eight inches of lot 141 over which the structure upon 143 extends, as we have already seen.

It will have been observed that by the boundary lines established by the grant to the defendant, he is only entitled to twenty-two feet front and rear by one hundred feet four inches in depth and the buildings and improvements thereon, together with the appurtenances; and this line being strictly construed would have necessarily confined his possessions to a location within twenty-two feet in width on straight lines running one hundred feet four inches in depth. It is quite evident from the language of the deed describing the grant, that there was no intention to allow him any more land than this, and it is quite apparent, from the manner in which the rear building is constructed upon that lot, that there was no intention to make that portion of that building, extending over lot 141,

a part of the premises known as 143. This is evident by the fact that the beams rest on piers and that no easterly wall was built, the westerly wall of 141 acting as a substitute for it, and from the fact that the structure itself could be subsequently altered and changed by erecting its westerly wall upon the premises of 143.

It can be very well understood, that as long as the two lots were owned by the plaintiff, the structure upon 143, extending over the line of and upon 141 should be permitted to remain, but the sharp lines of twenty-two feet in front and rear by 100 feet four inches in depth, indicates very clearly, as already suggested, that the structure on lot 143 was designed to be severed from the premises 141. In a grant or demise the addition of the word " appurtenances " will not vary the effect of the grant or extend it so as to include other lands not parcel of the house and close mentioned. And it is well settled, that in a deed the word appurtenances will not pass any corporeal real property or title to lands, but merely incorporeal easements or rights and privileges. It cannot include a strip of land adjacent to that granted. A title to land will not pass by implication. Easements exist as appurtenant to a grant of lands, and as arising by implication, only by reason of a necessity to the full enjoyment of the property granted. Nothing passes by implication or as incident or appurtenant to the lands granted, except such rights, privileges and esasements as are directly necessary to the proper enjoyment of the granted estate. When the necessity ceases the rights resulting from it cease. It must be an actual and a direct necessity. A mere convenience is not sufficient to create or convey a right or easement or impose burthens upon lands other than those granted as incident to the grant. In all cases the question of necessity controls. (*Ogden* v. *Jennings*, 62 N. Y., 526.)

It is quite apparent that for the enjoyment of the rear building there is no necessity for the use of the walls of the house on the rear of 141 to sustain the structure upon 143, to which reference has already been made. The effect of confining the defendant to the grant of lands which was made to him, would be to diminish the size of that structure and nothing more. There is now no easterly independent wall for it, but one can be constructed by the defendant upon the premises which he purchased. The cases referred to by the learned counsel for the defendant, *Lampman* v.

*M'liks* (21 N. Y., 506); *Huttemeier* v. *Albro* (18 id., 51); *Doyle* v. *Lord* (64 id., 437); *Rogers* v. *Sinsheimer* (50 id , 648), not only do not conflict with the doctrines enunciated in *Ogden* v. *Jennings* (*supra*), but sustain them. And the case of *Grant* v. *Chase* (17 Mass., 443), cited with approbation in *Parsons* v. *Johnson* (68 N. Y., 62), is an authority for the proposition that an easement not absolutely necessary to the enjoyment of the demised premises does not pass with the grant.

For these reasons we think that the plaintiff was entitled to recover, and that the judgment pronounced in her favor should be affirmed, with costs.

DANIELS, J., concurred.

Present — BRADY and DANIELS, JJ.

Judgment affirmed, with costs.