BALCAR v. LEE COUNTY COTTON OIL
CO. (No. 5777.)

(Court of Civil Appeals of Texas. Austin.
March 31, 1917.)

MORTGAGES ⟺133 — PROPERTY COVERED—
"APPURTENANT."

Where a company operating a cotton seed oil plant executed a deed of trust on its property situated in a town, a seedhouse located in the country a number of miles away on the land of a party who had contracted to buy cotton seed for the company did not pass to the purchaser at sale under the deed of trust as appurtenant to the company's property in the town, though the seedhouse was owned by the company, since the seedhouse was not essential and necessary to the conducting of the oil mill, while "appurtenant" means a thing belonging to another thing as principal and which passes as an incident to the principal thing (citing Words and Phrases, Appurtenant).

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 260, 264, 265.]

Appeal from Lee County Court; John H. Tate, Judge.

Suit by the Lee County Cotton Oil Company against V. Balcar, Sr. From a judgment for plaintiff, defendant appeals. Judgment reversed, and judgment rendered for defendant.

Wm. O. Bowers, of Giddings, for appellant. Richard W. Mayfield and Thomas W. Thompson, both of Giddings, for appellee.

RICE, J. This suit was originally brought by appellee against appellant in the justice court of Precinct No. 1, Lee county, and on plea of privilege being sustained, the venue was changed to precinct No. 6, same county, to recover the sum of $125, damages for the conversion of a seedhouse erected by the Giddings Industrial Corporation, on land belonging to appellant near V. Balcar, Jr.'s, store, about four miles east of Dime Box, at the intersection of the Ledbetter and Caldwell road with the old San Antonio road.

The facts show that in 1908 the Giddings Industrial Corporation, which afterwards by an amendment of its charter became the Cotton Oil Company, was conducting a cotton seed oil mill in the town of Giddings, and about the 1st of July of said year entered into a contract with V. Balcar, Jr., to purchase seed for it, upon the condition that the Cotton Oil Company would erect near said store a seedhouse within which to store seed purchased. The land upon which the store stood and the seedhouse was to be erected belonged to appellant, who consented to its erection. Nothing was said, however, between the agent of the mill company and appellant as to how long the seedhouse should remain on his land, nor was anything said about how long V. Balcar, Jr., should buy seed for the mill. There was no agreement in writing at the time with reference to such building, nor any agreement to pay anything for the ground the house occupied, but

the agent testified that he understood the seedhouse should remain on the land as long as V. Balcar, Jr., bought seed for the oil mill, and that when he quit buying that the Cotton Oil Company could take the house off. It is not shown that appellant said anything from which that understanding could be implied. The seedhouse was built soon thereafter on blocks set in the ground, just like other houses are built, and attached to the land, and was for several years used for the purpose of storing seed purchased by Balcar, Jr., as agent of the oil mill.

On the 22d of March, 1910, the Cotton Oil Company became financially embarrassed and borrowed from the First National Bank of Giddings the sum of $10,000, to secure which it executed a deed of trust to A. J. Nesbit, trustee, for the benefit of the bank, upon all of "the following described real estate and property, lying and being situated in the county of Lee, state of Texas, to wit: In the town of Giddings, being known, designated, and described as lots numbered as follows: The west half of lot No. (3) three in block No. forty-seven, and lots Nos. (4) four, (5) five, (6) six, (7) seven and (8) eight in block No. (47) forty-seven in the town of Giddings, state of Texas, according to the map of said town as drawn by Theo. Kosse, a copy of which is upon record in Book 19, page 319, of Record of Deeds of Lee county, Tex., to which reference is hereby made for a more particular description thereof, and being the same property conveyed by J. A. Fields to the Giddings Industrial Corporation, by deed of date June 24, 1907, duly recorded on June 26, 1907. Also all houses and machinery thereon situated, including Atlas boiler and engine, Hoppes heater and complete steam plant; also one complete Van Winkle cotton seed oil mill, consisting of seedhouse, machinery, linters, hullers, separators, pressroom machinery, shafting, pulleys, belts, and all other machinery, appliances, buildings and equipment of every kind and description, whether named above or not, now situated on the above-described premises; and all machinery, houses, and equipment of every character that may hereafter be placed thereon by said Giddings Industrial Corporation, together with all and singular the rights and appurtenances to the same belonging or in any wise incident or appertaining." Thereafter the property above described was purchased at trustee's sale by J. S. Hillsman, through whom, by mesne conveyances, appellee claims title to the seedhouse in question; all such conveyances containing practically the same description as above. In 1911, V. Balcar, Jr., ceased to purchase seed, and in 1914 removed his store to the new town of Dime Box, after which appellant removed the seedhouse and converted it to his own use and benefit.

The pleadings raise the issue, first, as to whether or not the seedhouse remained the

personal property of the Cotton Oil Company, with the right on its part to remove the same; and, second, whether or not appellee obtained title thereto by reason of its purchase of the property of the Cotton Oil Company sold by virtue of said deed of trust. The trial in the justice court resulted in favor of appellant, from which the case was appealed to the county court, where a nonjury trial was had, and judgment rendered in behalf of appellee, based on both issues, from which this appeal is prosecuted.

Appellant by his assignments contends that the court erred in rendering judgment in behalf of appellee, for the reason that it did not acquire title to the seedhouse through its purchase of the property described in the deed of trust; urging by his proposition thereunder that if it ever had title to the property in controversy same was acquired either through the Giddings Industrial Cotton Oil Company, or the Farmers' Cotton Oil Company, and before it could prevail in this suit it became necessary to connect itself with that title, and, having failed to do so, it was error for the court to render judgment in its favor.

Even though it be admitted for argument's sake that the seedhouse became the personal property of the Giddings Industrial Corporation, or the Cotton Oil Company, by reason of its agreement with V. Balcar, Sr., and that said corporations, or either of them, had the right to remove said house thereunder, still it does not necessarily follow that the house became the property of appellee by reason thereof, because, notwithstanding this, it would become necessary for appellee, in order to acquire title thereto, to connect itself with such Cotton Oil Company's title. This it claims to have done by virtue of its purchase of the property of the Cotton Oil Company from J. C. Hellsman, it being the same property described in said deed of trust, basing its contention on the fact that the seedhouse was an appurtenance to the property so purchased by him. It will be recalled that the property described in the deed of trust was all situated in the town of Giddings, while the seedhouse in question was evidently located, as shown by the testimony, in the country a number of miles away. Will the facts as disclosed by this record show that the seedhouse was appurtenant to the Giddings property? We think not.

In 3 Cyc. p. 565, the word "appurtenance" or "appurtenant" is defined as being:

"A thing belonging to another thing as principal, and which passes as incident to the principal thing. A thing used with, and related to, or dependent upon another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant."

See, also, volume 1, Words and Phrases, p. 477; also Hunstock v. Limburger, 115 S. W. 327, and authorities there cited.

In Barrett v. Bell, 82 Mo. 110, 52 Am. Rep. 361, "appurtenance," as used in a lease of a hotel and appurtenances, means such things as are actually and directly necessary to the enjoyment of the property; and hence a kettle situated on a lot not included in the lease of the hotel, and not indispensable to its enjoyment, although a convenience to such property and used by the lessor in connection therewith, is not an appurtenance. Note 33a, volume 4, Corpus Juris, p. 1467, in speaking of the word "appurtenance," says:

"It is therefore limited to that which is necessary to the enjoyment of the principal thing granted. Cleary v. Skiffich, 28 Colo. 362, 373, 65 Pac. 59, 89 Am. St. Rep. 207."

It is further said in the same note that:

"An appurtenance is that only which is incidental or indispensable to the proper use of the premises demised. A mere conveyance does not create an appurtenance."

Note "b," same volume, says:

"The true test as to whether a thing is an incident or appurtenance seems to be the property of relation between the principal and adjunct, which is to be ascertained by considering whether they agree in nature and quality so as to be capable of union without incongruity, and is actually and directly necessary to the full enjoyment of the property"—citing Barrett v. Bell, 82 Mo. 110–114, 52 Am. Rep. 361.

Can it be said in the present instance that the seedhouse was absolutely essential and necessary to the conducting of the oil mill? We think not. Certainly no one reading the description as set forth in the deed of trust upon which appellee's right is based could reasonably conclude that a seedhouse a number of miles in the country could be held to be an appurtenance to the lots in Giddings, upon which the oil mill was situated.

It follows from what we have said that we conclude that title to the seedhouse in question did not pass by reason of the purchase by appellee of the property of the Cotton Oil Company, as described in its deed of trust. Therefore it becomes our duty to reverse and render judgment in behalf of appellant, and it is so ordered.

Reversed and rendered.