EDITH SANDS, Respondent, v. KANSAS CITY, Defendant, THOMAS H. BROUGHAM, Appellant.

Kansas City Court of Appeals, February 18, 1918.

1. NEGLIGENCE: Personal Injuries: Appurtenances. Plaintiff rented of one of the defendants the first floor and basement of a two-story house, but knew nothing of a coal cellarway under the sidewalk in front of the premises. While walking on the sidewalk she stepped on the cover of the coal hole and it gave way, due to the decayed condition of the wooden rim on which the cover rested, and she was thereby severely injured. It was held that as there was not only absent from the premises anything that made it apparent or to suggest to the plaintiff (the tenant) that the coal cellarway existed but the tenant was able to enjoy the use of the premises without the use of the cellarway, such cellarway was not an appurtenance to the premises and therefore, plaintiff, as tenant, not being required to keep the cellarway in repair, was not barred, by reason of her tenancy of the premises, from recovering damages for her injuries from the owner.

2. **REAL ESTATE:** Appurtenances: Subterraneous Recess. Where a tenant rents premises and appurtenances thereto and nothing is reserved by the landlord and nothing said as to upon whom shall rest the burden of keeping them in repair, the duty is on the tenant to keep them in repair and the obligation is solely upon him to look and see whether the premises remain in repair.

3. ——: ——: ——. A substerraneous recess under a public sidewalk, unknown to a tenant of adjacent premises, the landlord having said nothing of its presence and there being nothing present to suggest that it actually existed and it not being necessary to the enjoyment of the premises, is not an appurtenance that the tenant was required to keep in repair.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

Affirmed.

*Harding, Murphy & Harris* and *M. M. Bogie* for appellant.

*G. B. Silverman* and *J. F. O'Sullivan,* for respondent.

BLAND, J.—This was an action for personal injuries against the defendant, Thomas H. Brougham, and Kansas City, Missouri. There was a verdict in favor of the city but against defendant Brougham in the sum of three thousand ($3000) dollars, and the latter has appealed.

The petition alleged that on the 9th day of October, 1915, the defendant Brougham was the owner of premises in Kansas City, Missouri, known as 1414 Washington Street; that under the sidewalk in front of said premises said defendant maintained a cellarway or coal hole; that the same had a covered opening in the sidewalk above into which plaintiff fell by reason of the cover giving way while she was walking along and over said sidewalk; that the sidewalk at the place where said opening existed was rotton, decayed and badly out of repair; that by the exercise of ordinary care said defendant could have discovered such de-

fective condition and by due care could have had time to remedy the same after the discovery and before the accident. Defendant Brougham filed an answer alleging that plaintiff and her husband rented the premises known as 1414 Washington Street, in Kansas City, Missouri, together with the cellarway or coal hole; that they were said defendant's tenants at the time of the alleged injury to plaintiff, and that it was the duty of plaintiff or her husband to have kept it in repair.

This defendant urges that his demurrer to the evidence should have been sustained. On the part of plaintiff the evidence shows that the house known as 1414 Washington Street in Kansas City, Missouri, consisted of two stories and a basement, and that plaintiff rented of defendant Brougham the first floor and basement. Plaintiff testified that she rented nothing but the first floor and basement; that nothing was said in reference to any coal cellarway by anyone at the time she rented the premises; that prior to her injury she knew nothing of the presence of the coal cellarway or the cover on the coal hole; that the coal cellarway and cover were not in a position where she could have anticipated their presence, or would ordinarily have discovered them. The coal cellarway did not connect directly with the basement; it had a doorway but the door itself was gone, connecting it with an area way made primarily for the purpose of allowing a basement stairway, which was constructed from the sidewalk to the basement door on the outside of the house. The opening into the coal cellarway opened into this area way and the area way was connected to the street by the stairway and to the basement by the basement door. The entrance to the coal cellarway was about three steps from the basement door.

Plaintiff rented these premises on July 2, 1915, but did not take possession until July 6th of that year. She had occupied this and another portion of the premises for nearly a year prior to her injury. She testified that she seldom went out into the area way in front of the basement or used the stairs to the street as the

stairs were "rickety," and she was afraid to use them. She stated, however, that she had been out into this area way and had seen a dark space which she found out after the accident to be an entrance to the coal cellarway, but there was nothing in the dark space to indicate to her that there was an opening that ran under the sidewalk where she fell.

On the part of this defendant, his agent testified that when plaintiff rented the premises nothing was said in reference to the coal cellarway but that he understood that the coal cellarway went with the basement and that plaintiff rented it along with the premises actually mentioned. In connection with this defendant's contention that his demurrer to the evidence should have been sustained, he urges that while the coal cellarway was not mentioned at the time the premises were rented that it constituted an appurtenance to the premises, and for that reason although the coal cellarway was not mentioned it was covered in the rental. That plaintiff's husband having rented the coal cellarway, it was his duty to keep the same, together with the coal hole opening and cover, in repair and not the duty of this defendant. And in connection with this point defendant points out that no one but this tenant had any right to the use of the basement and the area way into which the coal cellarway opened, and that plaintiff had the right to the exclusive use of the coal cellarway if she had known it was there and had desired to use it.

As to what constitutes an appurtenance is not always easily ascertainable. The rule in relation to what is included as appurtenances, not mentioned in the leasing of premises, is stated in Barrett v. Bell, 82 Mo. l. c. 114:

"In a well considered case in the court of appeals of New York, it was said 'Easements exist as appurtenant to a grant of lands, and as arising by implication, only by reason of a necessity to the full enjoyment of the property granted. Nothing passes by implication, or as incident or appurtenant to the lands granted,

except such rights, privileges and easements as are directly necessary to the proper enjoyment of the granted estate. Upon the grant of a mill, every right necessary to the full and free enjoyment of the mill, passes as incident to the grant; and the necessity measures the extent and duration of the right. . . . When the necessity ceases, the rights resulting from it cease. A mere convenience is not sufficient to create or convey a right or easement, or impose burthens on lands other than those granted, as incident to the grant. In all cases, the question of necessity controls.' [Ogden v. Jennings, 62 N. Y. 526, 531, and case cited, 531, 532.] . . .

As the evidence in this case does not show the use of the kettle was a 'necessity' this fact deprives such use of the chief attributes of an appurtenance. 'It was a matter of ease and convenience only,' which having arisen by mere consent of the parties, could be destroyed by withdrawing that consent at any time. [Grant v. Chase, supra; Johnson v. Jordon, 2 Met. 234.]'' [See also Mulrooney v. Obear, 171 Mo. l. c. 619; Bussmeyer v. Jablonsky, 241 Mo. 681; Witte v. Quinn, 38 Mo. l. c. 692.]

It is thus seen (Barrett v. Bell, supra) that a thing claimed to be an appurtenance must be a necessity and not a matter of ease and convenience only. The evidence in this case shows that plaintiff not only did not know of the presence of the coal cellarway but that she had no use for it as she did not use coal but was using gas at the time. We do not think the fact that the coal cellarway was not used alone necessarily determines whether it was an appurtenance to the premises demised. However, the facts in this case show that the tenants did not know of the existence of the coal cellarway nor was there anything present to make it apparent or to suggest to the tenant that there existed a coal cellarway. Coal cellarways through sometimes present are not usually found in connection with residences, even in cities. There was not only absent from the premises anything that made it apparent or

to suggest to the tenant that the coal cellarway existed, but the tenant was able to enjoy the use of the premises without the use of the coal cellarway. Under such circumstances the coal cellarway could not have been necessary to the proper enjoyment of the premises demised.

It is true that where a tenant rents premises and appurtenances thereto and nothing is reserved by the landlord and nothing said as to upon whom shall be the burden of keeping them in repair, the duty is on the tenant to keep them in repair and the obligation is solely upon him to look and see whether the premises remain in repair. But to say that a subterraneous recess under a public sidewalk is an appurtenance to the demised premises when the tenant did not know of the existence of such a recess, was not told by the landlord of its presence and there is nothing present to suggest that it actually existed, and it was not necessary to the enjoyment of the premises, and then say that the tenant was required to keep it in repair, would not comport with justice or good sense. If this coal cellarway could be said to have been an appurtenance or a part of the premises, it was the tenants's duty to keep it in repair, and if some stranger had been injured instead of plaintiff, then such stranger could have sued the tenant, although the latter neither knew or ought to have known of the existence of the coal cellarway and the opening into it.

The court on behalf of this defendant gave instructions to the jury which permitted them to find whether or not the coal cellarway was a part of the premises rented or an appurtenance thereto. These instructions were more favorable to this defendant than he was entitled. The court did not err in amending said defendant's instruction No. 2. The instruction as amended follows the law laid down in Barrett v. Bell, and other cases cited, supra.

This defendant urges that plaintiff was guilty of negligence as a matter of law. The evidence shows

that plaintiff knew that the sidewalk, which was made of boards, was old and rickety. She had been over the place of the accident many times. The cover to the coal hole was about two and a half feet square and consisted of boards much like those used in the sidewalk, nailed together into a square that was not fastened down in any manner. This cover rested upon wooden two by fours which were shown to be badly rotted. It was the giving way of these two by fours that caused the cover to fall. The cover extended two or three inches above the surrounding boards of the sidewalk and rested upon these two by fours. There was nothing about the cover to indicate that there was a hole ten feet in depth beneath it into which plaintiff fell, nor that the two by fours were rotten, and to pedestrians it apparently presented the appearance of a patched sidewalk, or an old rickety sidewalk having a few boards placed above the others. While it was broad daylight and plaintiff knew that the sidewalk was old and rickety, there was nothing about the cover to the coal hole to indicate to her that there was a death trap concealed beneath it. Under such circumstances we cannot say as a matter of law that she was guilty of contributory negligence in using the sidewalk. It was not the sidewalk alone, but the defective coal hole and the cover in the sidewalk, and constituting a part thereof, that caused the accident.

But one instruction was given for the plaintiff, and that was on the measure of damages. However, it ended with the following sentence: "And if the jury should find from the evidence that only one of the defendants was negligent or careless, if so, that in no way bears on any liability, if any, as to the other defendant." The wording of this part of the instruction is very awkward. This defendant claims that it was error, in that, he says, it permitted a recovery against one defendant and it directed the jury that they might find for one defendant and against the other. This defendant says that if the landlord was

guilty of any negligence, the city was likewise guilty of negligence and was primarily liable.

We do not think this objection to be well taken. The instruction was intended to tell the jury that the case of each defendant stood on its own bottom and if one were guilty of negligence that did not conclusively show that the other was guilty. The case was tried on the theory that the city was only required to discover defects that could have been seen from the sidewalk. Of course, the landlord knew of the existence of the coal cellarway, coal hole and cover and it was his duty to use ordinary care to keep them reasonably safe. The jury might well have found for the city and against the landlord.

This defendant complains of improper remarks made to the jury by plaintiff's counsel in the latter's argument of the case before them. The court sustained every objection made during the argument. There was no request on the part of said defendant that counsel be rebuked for the remarks made. Under the circumstances there was no error that this court can review in connection with the matter. [Norris v. Railroad, 239 Mo. 695; Dutcher v. Railroad, 241 Mo. 137; Stauffer v. Railway, 243 Mo. 305; Marts v. Powell, 176 Mo. App. 124.] And in connection with this point we find no evidence of passion or prejudice on the part of the jury. The evidence shows that this defendant constructed a hole in a public sidewalk ten feet in depth and then covered it with boards that he permitted to remain on badly rotted two by fours so as to make a trap for the unwary pedestrian. The case presents an aggravated case of negligence. The verdict in view of plaintiff's very severe and painful injuries was very moderate.

The judgment is affirmed. All concur.