### Mrs. P. York et al. v. J. H. Carlisle.

Decided June 15, 1898.

**1. Landlord's Lien—Property in the "Residence."**

The landlord's lien given by Revised Statutes, article 3251, upon property of the tenant in the residence is not limited to that contained in the dwelling house; residence embraces other buildings and grounds used in connection therewith, and the lien attaches to a horse of the tenant kept on the premises.

**2. Landlord's Lien—Purchaser—Lis Pendens.**

One who buys property subject to the landlord's lien from the tenant within one month from his removal from the premises, and before the levy of a distress warrant, but after the institution of suit for the rent and service of citation, is a purchaser pendente lite, and acquires his right subject to the judgment that may be finally rendered against his vendor.

**3. Landlord's Lien—Exempt Property—Purchaser—Judgment—Lis Pendens.**

Though exempt, property is not subject to the landlord's lien, a purchaser thereof from the tenant during pendency of a suit for enforcement of such lien, though not made a party to the proceeding, is bound by a judgment foreclosing the lien on such exempt property obtained through failure of himself or his vendor to urge the exemption as a defense.

Appeal from the County Court of Milam. Tried below before Hon. W. M. McGregor.

*E. A. Wallace* and *J. K. Freeman,* for appellant.

*T. S. Henderson* and *N. H. Tracy,* for appellee.

FISHER, Chief Justice.—This is a suit by appellee Carlisle against Mrs. York and George Lewis to recover damages claimed to have resulted to appellee by reason of the levy of a distress warrant sued out by Mrs. York, in a case pending in the justice court, wherein she was plaintiff and one C. T. Pierce was defendant. The warrant was levied by George Lewis, as constable, upon a mare, as the property of C. T. Pierce, but the ownership of which was claimed by the appellee. The suit by the appellee is in effect one for the conversion of the animal. He recovered judgment in the court below for $300 actual damages against the defendants.

The facts, briefly stated, are as follows: One C. T. Pierce with his family, which consisted of his wife and children, occupied as a tenant of Mrs. York a house and lot situated in the town of Rockdale, Milam County. He rented the premises from Mrs. York at $11 per month, and occupied it eight or ten months prior to the levy of the distress warrant upon the animal in question. During the time of his occupancy, he kept the animal upon the premises, and about two or three days before the levy of the distress warrant upon the animal he and his family removed from the premises and carried with them the animal.

On the 29th of April, 1896, the appellant, Mrs. York, instituted her suit in the justice court against Pierce for $22, the amount of rent due;

and on the same day caused citation to issue and filed an affidavit and bond for distress warrant, and at the same time caused the distress warrant to be issued. On the 30th day of April, 1896, the citation and distress warrant were placed in the hands of George Lewis, as constable, to be served. The citation cited Pierce to appear on the 11th day of May, 1896, and the body of the writ stated Mrs. York's cause of action to be a suit for $22 for two months rent due for said premises by Pierce from February to April, 1896, and prayed for judgment for her debt, interest and costs of suit, and for the issuance of a distress warrant. The citation was served on Pierce in the morning of the 30th day of April, 1896; and afterwards, in the evening of the same day, Pierce sold the animal in question to the appellee Carlisle, and on the following morning, May 1st, appellant Lewis levied the distress warrant upon the animal in question. This animal with another were all the horses that were owned by Pierce during the time he was occupying said premises, and said animals were kept by Pierce upon the premises during that time.

The appellee Carlisle was not made a party to this suit, and at the time that he purchased the animal from Pierce he had no actual knowledge that proceedings had been instituted by Mrs. York to foreclose a landlord's lien on the animal in question. Neither he nor Pierce filed an answer in the action by Mrs. York, pending against Pierce. Pierce failed to appear, and on June 11, 1896, judgment was rendered against him in favor of Mrs. York for the amount sued for and costs, and directed that an order of sale issue, commanding the sale of the animal in question for the satisfaction of the judgment. The order of sale was issued and executed in June, 1896, by the constable Lewis selling the animal, which was purchased by Mrs. York.

The statute under which Mrs. York proceeded in her action against Pierce gives to the landlord a preference lien upon all of the property of the tenant situated in the residence during the time of the occupancy of the rented premises by the tenant, and for one month thereafter; but says that the act in question shall not be construed as repealing or affecting the exemption statutes. Rev. Stats., art. 3251. The use of the expression "in the residence" by the statute does not confine the lien of the landlord solely to property that may be contained within the dwelling-house, but to all property situated upon the premises. The residence does not consist solely of the buildings which are occupied by the family, but it embraces the other buildings and grounds used in connection therewith. Hadley v. Leonard, 35 Mich., 76. It is clear from the facts as stated that the animal in question was in the possession of Pierce on the rented premises when he removed therefrom, which was less than one month before the suit was brought against him for the rent and the citation and distress warrant served.

The lien given by the statute in favor of the landlord attaches by operation of law to the property of the tenant situated upon the rented premises and for one month after its removal therefrom. The institution of the suit to enforce this lien put in motion the remedy provided by the

statute, to subject the property of the tenant which was upon the rented premises to the satisfaction of the demand due the landlord for rent; and after the institution of the suit, at least after the service of the citation upon the tenant, such property would be in lis pendens, and a purchaser from the tenant during that time would acquire his right subject to the judgment that may finally be rendered against his vendor. It is the policy of the law to keep the subject matter of litigation within the power of the court, so that effect may be given to the decree that may be finally entered. Otherwise, rights that may exist, and for the enforcement of which the suit is brought, may be defeated by successive alienations or the intermeddling of third parties. Of course it is true that the pending suit is only notice of the matters which appear upon the face of the pleadings and may be litigated, and a purchaser pendente lite can only be affected by an action pending concerning the property purchased.

Now, the statute in terms gives the landlord a lien upon all the property of the tenant upon the rented premises, or which has been removed therefrom within one month before suit, and a purchaser from the tenant, in the nature of things, must know that when a suit is instituted to foreclose the lien that the property of the tenant, so situated upon the premises, may be brought into litigation; and that under the terms of the statute a distress warrant may be finally levied upon it, and that, unless some valid defense is interposed by the tenant, it may be subjected to the satisfaction of the final judgment that may be rendered in favor of the landlord. It is true the distress warrant, at the time the appellee purchased, had not been levied upon the animal in question, but the claim asserted by the appellant, together with the citation, was information of the fact that the landlord was seeking to assert and foreclose the lien against the property of the tenant, which was or had been upon the rented premises. This was notice sufficient that the right of lien as to such property would be litigated, and the subsequent levy of the distress warrant upon the identical property in controversy was simply additional means resorted to to bring it within the custody of the law. The lien existed by force of the statute, and the distress warrant was the means employed t preserve it. Rosenberg v. Schaper, 51 Texas, 134, 142.

It is contended by appellee that as the animal was exempt, it was not subject to the landlord's lien, therefore the judgment rendered against the tenant did not affect the property and was not conclusive against the appellee as the purchaser. It is true, the tenant could have asserted the exemption, and thereby defeated a judgment foreclosing the lien upon the property, and the appellee, as the purchaser, might, by intervention at the proper time, have interposed the same defense; but no such right or defense was urged, and the judgment of foreclosure proceeded to fixing a lien upon the property and ordering its sale. A defense of this character could have been made, and in order to prevail should have been urged.

In Freeman v. McAninch, 87 Texas, 132, it is held that a judgment

is conclusive of all the matters of defense which could have been urged to defeat the relief asked by the plaintiff. A judgment by a court which has general jurisdiction over the subject, which forecloses a lien upon exempt property, is not void, and a right of this character is as much concluded by the judgment as any other defensive matter that could have been urged when the subject is lis pendens. A purchaser accepts the chance of defeat that may result to his vendor who is a party to the litigation; and if there be a defense which if urged would protect his purchase, he must see that it is interposed, otherwise the judgment finally rendered will be binding upon him to the same extent as it is upon his vendor.

Hammer v. Woods, 24 Southwestern Reporter, 942, was a case in which a judgment debtor sought to restrain the sale of exempt personal property under an order of sale foreclosing a landlord's lien based on a judgment previously rendered against the plaintiff in favor of the landlord. It was there held that the judgment foreclosing the lien upon the exempt property was conclusive as to the right to assert the exemption.

In Beer v. Thomas, 34 Southwestern Reporter, 1011, this court, in adhering to the principle applied in the cases of Lee v. Kingsbury, 13 Texas, 68, and Nichols v. Dibrell, 61 Texas, 539, held that, although a mortgage upon a homestead was void, a judgment foreclosing it upon the homestead was not void, as the court that rendered the judgment was in the exercise of its general jurisdiction over foreclosure proceedings involving real estate, and as the homestead right was a defense that could have been urged in that suit, the failure to do so was conclusive upon that right, and the judgment of foreclosure was res adjudicata as to that question, and not subject to be opened up or attacked collaterally in another suit. The principle asserted in these cases as to the effect to be given to domestic judgments rendered by courts of general jurisdiction is recognized in the case of Crawford v. McDonald, 88 Texas, 629.

Our conclusion is that the judgment rendered in the justice court in favor of Mrs. York against her tenant Pierce, foreclosing the landlord's lien upon the animal in question, is binding upon appellee, and because of his purchase of the animal during the pendency of the suit, he is concluded by the judgment, and his right to the animal, if any, was acquired subject to that judgment.

For the reasons stated, the judgment of the court below will be reversed, and judgment here rendered in favor of the appellants, that appellee take nothing by his suit, and that the appellants go hence fully discharged from liability, with judgment for costs against the appellee.

*Reversed and rendered.*