and that such payments were common and recognized. The plaintiff's counsel requested that the court charge the jury that it might "discredit a witness who has received sums of money,—considerable sums; $10 or $15 at a time,—where it does not appear that it was paid to him after, but was paid to him before; that it bears upon his credibility." This request was declined, the court saying, "I charge otherwise in this case." Plaintiff's counsel excepted, and we think this exception was well taken. It is not a correct statement of the law, and it does not require the citation of authorities nor an extended discussion to prove that fact. The statute provides what a party shall pay to a witness, and requires him to attend when such sum is paid, and, if he does not, he subjects himself to a certain penalty, as well as a liability to make good the damages sustained by the party subpœnaing him by reason of his failure, and, in addition thereto, is guilty of a contempt of court, for which he may be fined and imprisoned. And whenever a witness has been paid money in excess of the legal fees, that fact, in and of itself, is always a proper subject to be considered by the jury as bearing upon his credibility; that is, whether the testimony of such witness is induced by the increased or additional payment. For the error thus committed there should be a new trial. It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(60 App. Div. 222.)

NATIONAL WALL-PAPER CO. v. ASSOCIATED MFRS'. MUT. FIRE INS. CORP.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

INSURANCE—PROOF OF LOSS—TIME OF SERVICE—PLEADING.
   Complaint alleging that "on or about" February 18th the property was burned, and that plaintiff, within 60 days after the fire, to wit, "on or about" April 20th, gave defendant proof of loss, sufficiently pleads service of proof of loss within 60 days after the fire, as required by the policy.

Action by the National Wall-Paper Company against the Associated Manufacturers' Mutual Fire Insurance Corporation. Complaint dismissed. Plaintiff moves for new trial on exceptions ordered to be heard in the first instance at the appellate division. Motion granted.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Louis Marshall, for the motion.
John T. Canavan, opposed.

PATTERSON, J. At the trial of this cause the complaint was dismissed, and the exceptions ordered to be heard in the first instance at the appellate division. The action was to recover for a loss of fire of merchandise belonging to the plaintiff, covered by a policy of insurance issued by the defendant to it. One of the conditions of the policy is that proofs of loss should be served upon

the defendant "within sixty days after the fire," unless the time were extended in writing.   When the cause was called for trial, the defendant moved for a nonsuit on the ground that the policy of insurance being annexed to the complaint, and the provision respecting the service of proofs of loss within 60 days being contained therein, it appeared from the allegations of the complaint that such proofs of loss were not served within 60 days; it being alleged in the complaint that the fire occurred "on or about the 18th day of February, 1898," and that the proofs of loss were not served until the 20th day of April, 1898.   The allegations of the complaint in this regard are:   "That on or about the 18th day of February, 1898, at 12:40 p. m., said property was totally destroyed by fire, which did not happen by neglect, fault, or act of plaintiff;" "that the plaintiff duly fulfilled all the conditions of said insurance, and within 60 days after the fire, to wit, on or about the 20th day of April, 1898, before 12 o'clock m., at said city of New York, borough of Brooklyn, gave defendant due notice and proof of the fire and loss aforesaid, and duly demanded payment" of the amount of the policy. The motion for a nonsuit was denied, and the plaintiff gave some evidence to establish the cause of action.   It was shown that the 18th of February, 1898, fell on Friday, and a witness testified that he saw the fire on the following Monday, which was the 21st of February.   A question arising as to the admissibility of this evidence, it was claimed by the plaintiff that under the allegation, "on or about the 18th day of February," he was entitled to show the actual date at which the fire ceased; for, by the terms of the policy, service of the proofs of loss was not required until after the fire. Thereupon the court, of its own motion, made the following ruling: "It seems to me better to dispose of the motion made before the opening of the trial now, for this would be a continued contention over the pleadings,—a contentious trial on a question which would have to go up; and, at any rate, I think it would be better settled by the appellate division."   Thereupon the plaintiff's counsel moved to amend the fifth paragraph of the complaint by adding to the allegation concerning the date of the fire the following words:   "And that said fire lasted several days, up to and including February 23, 1898."   That was objected to, and the objection was sustained, and an exception was taken.   The court then granted the motion made by the defendant at the opening of the trial to dismiss the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, and the plaintiff excepted.

The exact point of the defendant's contention is that the service of proofs of loss was a condition precedent to the right to maintain an action; that the general allegation that such proofs of loss were served within 60 days after the fire is limited and controlled by an allegation that the fire occurred on or about the 18th of February, 1898, which is a specific allegation of the date February 18th; that the performance of a condition precedent to a right of action must be specifically shown, and that the words "on or about" must, in effect, be eliminated from the pleading, and it must stand as a positive declaration that the fire occurred on the 18th day of

February, and that, although the complaint makes statements of dates as being "on or about," the pleading must be strictly construed against the pleader, and the events be regarded as having taken place on the precise dates named. The trial judge took that view of the pleading, but we cannot concur in it. A complaint stating, generally, that a party has duly performed conditions precedent contains a sufficient allegation, which, if controverted, the plaintiff must establish by proof upon the trial. Code Civ. Proc. § 533. It is plain from the allegation that the fire occurred "on or about" the 18th day of February, 1898, that the plaintiff did not intend to allege a precise date. There is an averment that the proofs of loss were served within 60 days after the fire, and that allegation cannot be totally ignored, for it is a plain statement of a fact. The form in which the allegation relating to the fire is made leaves it uncertain as to the precise day on which it occurred. But there still remains the statement of fact that the proofs of loss were served within 60 days after the fire. There are cases to be found in the courts of other jurisdictions in which it has been held that, where time is of the essence of the performance of a condition precedent, the plaintiff's pleading will be strictly construed against him. Here, the substance of the allegation of performance is that the proofs of loss were served within 60 days after the fire, and there is nothing in the use of the words "on or about" that could mislead a defendant or operate to its prejudice. It is immaterial on what day the fire occurred, if the proofs of loss were served within 60 days after the fire, and we are not disposed to hold that a plaintiff has pleaded himself out of court when he makes a distinct allegation that he has performed a condition precedent within a required time, unless there is a positive allegation as to dates which would show that his general allegation of performance was falsified by his particular statement of dates. There is no real inconsistency in the allegations of the complaint, because the plaintiff has not bound himself to particular dates. If any objection exists to the complaint, it is as to the form of the allegation; and, under section 519 of the Code of Civil Procedure, such allegations should be construed with a view to substantial justice between the parties.

We are therefore of the opinion that it was error to dismiss this complaint, and that the exceptions should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide the event. All concur.