## S. F. BOWSER & CO. v. CAIN AUTO CO. et al. (No. 1473.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 12, 1919. Rehearing Denied March 26, 1919.)

LANDLORD AND TENANT ⟨⟩246(1)—LANDLORD'S LIEN—GASOLINE STATION AS PART OF "BUILDING"—STATUTE.

Lien for rent due lessor of building from lessee selling automobile supplies, oil, etc., *held* to attach to gasoline filling station, consisting of buried tank, etc., installed in vacant space between sidewalk and curbing of street on which building abutted, "building," as used in Rev. St. 1911, art. 5490, creating landlord's lien, including land within inclosure belonging to building and appropriate to its use, even though particular space was part of street.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Building.]

Appeal from Potter County Court; T. W. McBride, Judge.

Suit by the Cain Auto Company and others against S. F. Bowser & Co. From judgment for plaintiffs, defendant appeals. Affirmed.

Y. W. Holmes and W. J. Baird, both of Plainview, for appellant.

Kinder & Russell, of Plainview, and Kimbrough, Underwood & Jackson, of Amarillo, for appellees.

BOYCE, J. Appellee Woldert leased to the Cain Auto Company a certain lot in the city of Plainview, on which was situated a brick building. This building was in the business portion of the city, and extended up to and fronted on a cement sidewalk 12 feet wide, running in front thereof. There was a space of unoccupied ground about 4 feet wide between the sidewalk and the curbing of the paved street in front of the building. The lessee was engaged in selling automobile supplies, accessories, oil, gasoline, etc., and installed an automobile filling station in the vacant space or parking between the sidewalk and the curbing of the street. This filling station consisted of a buried tank to receive the gasoline and a pump, with the usual attachments above ground to discharge the gasoline from the tank into automobiles receiving it. There was an electric light on the pump stand, the wiring of which ran down through the pump and under the cement sidewalk to a connection with the electric wiring of the building. The awning of the building extended some 8 feet over the sidewalk, and the front of the building opened directly onto the sidewalk. The question on this appeal is whether the statutory landlord's lien for rent due on the rented premises attaches to this filling station located as stated.

The statute (article 5490) provides for a lien in favor of "all persons leasing or renting any residence, storehouse or other building, * * * upon all the property of the tenant in such residence, storehouse or other building." So that it will be seen that the concrete question for decision is whether the said property, situated as we have described it, may properly be said to be in said building within the meaning of the statute. That it is not literally in the building, if by the term "building" is meant only the structure itself, is clear. The term "building," however, in the law of conveyancing, is given a broader meaning. It seems to be settled that a conveyance or lease of building includes as a part thereof, under such description, the land under the building and that within the curtilage, yard, or inclosure belonging to the building and appropriate to its use. Wade v. Odel, 21 Tex. Civ. App. 656, 54 S. W. 788; R. C. L. vol. 16, pp. 710, 711; Ann. Cas. 1914B, 1239, note; Doyle v. Lord, 64 N. Y. 432, 21 Am. Rep. 629; Ogden v. Jennings, 62 N. Y. 526; Pottkamp v. Buss, 3 Cal. Unrep. Cas. 694, 31 Pac. 1121, 1167; Devlin on Deeds (3d Ed.) §§ 1200, 1201. In the case of Cassiano v. Ursuline Academy, 64 Tex. 673, the Supreme Court construed the word "building," as used in article 8, § 2, of the Constitution, in relation to taxation, to include, not only the structure, but the lands used in connection therewith. We think, therefore, that under these authorities a lease of the building would include this space described in front of the building; it would in law be a part of the building itself. If this be true, then we think the filling station may be properly said to be in the building. York v. Carlisle, 19 Tex. Civ. App. 269, 46 S. W. 257; Nash v. Webber, 204 Mass. 419, 90 N. E. 873; Trenor v. Jackson, 46 How. Prac. 389, 393. In the case of York v. Carlisle, supra, the

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Court of Civil Appeals for the Third District, where residence property was leased, held that the residence does not consist solely of the buildings occupied by the family, but other buildings and grounds used in connection therewith, and that property of the tenant situated upon the premises was to be considered as being "in the residence."

The fact that this space was a part of the street does not, we think, make any difference. The owner of the abutting property owns the fee to the center of the street, and the right of any private use that might be made of this vacant·space not inconsistent with the easement in favor of the public would be in such owner. Cyc. vol. 37, p. 206; Elliott on Roads and Streets, § 690.

We think the judgment should be affirmed.