### WEST FURNITURE CO. et al. v. CASON. (No. 6163.)

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1920.)

1. LANDLORD AND TENANT ⟨⊜⟩246(1), 252(2)— GASOLINE FILLING STATION IN FRONT OF LEASED PREMISES SUBJECT TO LANDLORD'S STATUTORY LIEN "GOODS, WARES, AND MERCHANDISE;" "SOLD IN REGULAR COURSE OF BUSINESS."

A gasoline pump and tank between sidewalk and curb in front of leased premises, used as filling station by lessee, *held* subject to the landlord's statutory lien, notwithstanding Rev. St. art. 5478, providing that landlord's lien shall not attach to the goods, wares, and merchandise of a merchant sold and delivered in good faith in the regular course of business by the tenant, such pump and tank not being "goods, wares, and merchandise," and the sale thereof by tenant in vacating premises and going out of business not being "in good faith in the regular course of business."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Regular Course of Business.]

2. LANDLORD AND TENANT ⟨⊜⟩252(1)—FAILURE TO RECORD TENANT'S CHATTEL MORTGAGE TO LANDLORD NO DEFENSE IN LANDLORD'S ACTION AGAINST TENANT'S PURCHASER FOR CONVERSION OF PROPERTY NOT BASED ON LANDLORD'S STATUTORY LIEN.

In landlord's action against tenant's purchaser of gasoline tank and pump for conversion on theory that tank and pump were covered by landlord's statutory lien, it was no defense that mortgage on the furniture in the building executed by tenant to landlord had not been recorded, or that purchaser had no notice thereof, or that purchaser had paid a valuable consideration for the tank and pump.

⟨⊜⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. LANDLORD AND TENANT ⧉⇒252(1)—PURCHASER OF PROPERTY SUBJECT TO LANDLORD'S LIEN WHO TAKES PROPERTY FROM PREMISES LIABLE FOR CONVERSION.**

Purchaser from tenant of property subject to landlord's lien, who takes possession of property, removes it from leased premises, and claims title thereto, is liable to conversion.

**4. CHATTEL MORTGAGES ⧉⇒225(1)—MORTGAGEE HAS EQUITABLE LIEN ON FUND HELD BY MORTGAGOR'S PURCHASER WHO HAS NOT PAID MORTGAGOR THE PRICE.**

Where mortgagor's purchaser had not paid mortgagor the price, the court in mortgagee's action against mortgagor and purchaser properly gave mortgagee judgment against purchaser for such price, even though purchaser was a bona fide purchaser, since the payment thereof to mortgagee relieves the purchaser from his indebtedness to mortgagor and does equity between parties.

**5. JUDGMENT ⧉⇒668(1) — PARTY TO A SUIT WHO HAS NOT APPEALED FROM JUDGMENT BOUND TO IT.**

A party to a suit who has not appealed from the judgment is bound thereby.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by J. F. Cason against the West Furniture Company, J. R. Polasek, and others. From judgment rendered, the named defendants appeal. Affirmed.

G. W. Barcus, of Waco, for appellants.
R. O. Stotter, of Waco, for appellee.

BRADY, J. Appellee filed this suit against W. A. Wood to recover certain rents and damages to his property, alleging that in May, 1918, he rented to Wood a store building in the town of West for one year for the sum of $600, payable in weekly installments. It was alleged that Wood paid the rent to August 24, 1918, and that at about that time he vacated and abandoned the building, and about December 1, 1918, appellee rented the building for the sum of $500 per year, the best price obtainable. Appellee claimed a statutory landlord's lien, and also a mortgage lien upon all the fixtures, tools, and property of Wood in such building, and that J. R. Polasek and the West Furniture Company, appellants, were each claiming some of the property, and he prayed for judgment for his debt, and foreclosure against all of the defendants, and in the alternative for judgment against Polasek and the West Furniture Company for conversion.

It was pleaded, and an undisputed fact, that the contract between Wood and appellee gave Cason a lien on all goods, wares, and chattels that might be placed on the premises.

Wood filed a general demurrer and denial. Polasek filed a plea in abatement, general demurrer, and special exception, and claimed to be an innocent purchaser of part of the property for value, without notice. The West Furniture Company filed similar pleas as to the property purchased by it from Wood. The trial court rendered judgment against W. A. Wood for the sum of $196.40, of which $161.52 represented the rent due and unpaid by Wood. Judgment was also rendered against Polasek for the sum of $40, and against West Furniture Company for the sum of $161.52; but it was provided in the judgment that appellee should recover from both Polasek and the West Furniture Company only the total sum of $161.52, and with judgment over in favor of West Furniture Company against Wood for any sums it might be compelled to pay under the judgment. Polasek and the West Furniture Company have appealed.

The trial court filed findings of fact and conclusions of law, finding the contract and breach substantially as pleaded by appellee; that the lease contract gave appellee a lien as security for his rent upon all the goods, wares, chattels, implements, fixtures, furniture, tools, and other personal property which are or may be put on the demised premises. This contract was not filed for record. Wood took possession of the premises, and conducted therein a garage, and pursued his business as an automobile mechanic. He placed on the rented premises certain tools, an oil stove and vulcanizer, and also placed in front of the building, on the sidewalk, a gasoline pump and a 500-gallon gasoline tank. This tank and pump were used by Wood in vending gasoline, and constituted what is known as a gasoline filling station. The leased premises consisted of a store building, fronting on a street in the city of Waco, and the gasoline pump was located in front of the building, between the curbing and sidewalk, and was set in a cement bed. The tank used in connection with this pump was located underneath it, and extended out towards the center of the street. From this tank and pump Wood served his customers with gasoline. Wood vacated the premises on or about September 1, 1918, and about that date sold to Polasek the tools, oil stove, and vulcanizer, together with an old automobile. The value of the property purchased by Polasek, exclusive of the auto, was $40, and he agreed to pay Wood $75 for all the property, including the old auto, and gave him a bank check for that amount. On or about the same date Polasek took possession of this property, and removed it from the rented premises, and placed same in his store, with the exception of the automobile, for sale, and since such time has sold part of the tools in question. A few days afterwards, learning that appellee claimed a lien on this property, Polasek stopped payment of the check,

which at the date of the trial was in possession of West's attorney, who also appears to be Polasek's attorney, and Polasek now owes the purchase price of the property, and has the fund of $75 in his possession.

About the same date the West Furniture Company bought from Wood the gasoline pump and tank, and at the time Wood told them that there was no mortgage or lien on the same. On or about September 3, 1918, West Furniture Company removed the pump to its place of business, and a day or two afterwards was notified of appellee's claim of a lien thereon. Several days afterwards the company removed the tank, and since has operated such pump and tank for its own use and benefit. West Furniture Company paid Wood the sum of $207 for the tank and pump, and at the time did not know that the property was mortgaged. Its reasonable value was found to be $200.

The wrenches, hand tools, and vulcanizer purchased by Polasek from Wood were used by the latter in and on the premises in his trade or profession as an auto mechanic. The stove was on the premises, but was not so used. The auto was the only vehicle or carriage owned by Wood. There was a finding of the damages done by Wood to the property, and the balance due on rent under the contract, in accordance with the judgment rendered.

The court's conclusions of law were substantially that, under the contract of lease, appellee had a contract or mortgage lien on the property purchased by Polasek, with the exception of the automobile; that he also had a statutory landlord's l'en on the pump and tank purchased by West Furniture Company, and that the latter removed this property from the landlord's premises within 30 days after same was vacated by Wood, and within said 30 days converted same to its own use and benefit, and by reason of this conversion was liable to plaintiff for damages in the amount of the rent due, the property exceeding in value that sum; that the tools and vulcanizer purchased by Polasek were tools of trade of Wood, and exempt property, and that the auto was exempt to Wood, because not placed on the premises of the landlord; that Polasek has in his hands the proceeds of the sale of the tools and vulcanizer and stove; and that appellee has an equitable lien on the fund and proceeds of such property, and is subrogated to the rights of Wood in the fund to the extent of $40, the value of such property. The trial court further found the liability of each defendant as a matter of law as entered in the judgment.

## Opinion.

In behalf of appellant, West Furniture Company, it is claimed that appellee did not have a statutory landlord's lien on the gasoline pump and tank purchased by such appellant, because this property was not on the leased premises, and further because the evidence shows that the sale of such property was in the usual course of business, and therefore was not protected by the landlord's lien.

[1] The first contention is, in our opinion, inadmissible. Strictly speaking, the pump and tank were not in the store building, but they were on the leased premises. Within the meaning of the landlord and tenant's statute, this property must be regarded as having been in the building. Bowser & Co. v. Cain Auto Co., 210 S. W. 554, is directly in point. We think that case is correctly decided, and the facts are almost identical, and we refer to the opinion for a discussion of the reasons which impel the conclusion that the landlord's lien attached to the property in question. See, also, York v. Carlisle, 19 Tex. Civ. App. 269, 46 S. W. 257, a decision by this court.

Upon the second point, article 5478, Revised Statutes, is relied upon. This statute provides that a landlord's lien shall not attach to the goods, wares, and merchandise of a merchant, trader, or mechanic sold and delivered in good faith, in the regular course of business by the tenant. We think the statute inapplicable, because the tank and pump cannot be regarded as goods, wares, and merchandise. This property was, at most, but the appliances, instrumentalities, and machinery used for the purpose of vending goods, wares, and merchandise. Furthermore, under the facts of this case, it cannot be said that the property was sold and delivered "in good faith, in the regular course of business." The vendor was vacating the premises and going out of business, and the property was sold in pursuance of this intention. See Freeman v. Collier Racket Co., 44 Tex. Civ. App. 177, 105 S. W. 1130.

[2, 3] The liability of the West Furniture Company is predicated upon the landlord's lien of appellant, and not upon the contract or mortgage lien, so that the facts of the mortgage not having been recorded, and the want of knowledge of any existing mortgage by West Furniture Company, and its having paid a valuable consideration for the property are all beside the question. If the property was subject to the landlord's lien, the action of the purchaser in taking possession of the property and removing it from the leased premises, and claiming the title thereto, while it was subject to the landlord's lien, subjected it to liability for conversion. The court did not err in holding such appellant liable for this property to the amount of the unpaid rent, and all assignments raising this question are overruled.

[4, 5] As to the errors claimed by the appellant Polasek, these questions resolve themselves into the sole inquiry, whether the trial

court properly held that appellee had an equitable lien on the fund held by Polasek at the date of the trial, which in part represents the proceeds of the property subject to appellee's contract or mortgage lien. The liability of Polasek was not based upon any claim of landlord's lien upon such property, but, on the contrary, the trial court expressly recognized the exempt character of this property, and in effect held that it was not subject to the landlord's lien. The question of innocent purchaser does not enter into the inquiry as to the correctness of the trial court's theory in this respect. The holding was based upon the principle that the mortgagor had converted the mortgaged property, and the purchaser had not paid the mortgagor the price, but still retained the same in his hands and under his control. The mortgagor is not complaining of the application sought to be made by appellee of the portion of the fund here involved, nor of the action of the trial court in declaring the equitable lien and enforcing it for appellee's benefit. Wood has not appealed from the judgment, and, being a party to the suit is bound by it. Polasek cannot be in any wise injured, and could not be subjected to a double satisfaction. The payment of the amount in controversy to appellee relieves him pro tanto from his indebtedness to Wood and does equity 'between the parties. We are of the opinion that the trial court rendered the proper judgment on this branch of the case, and that no reversible error has been shown by any of the assignments of the appellant Polasek. Texas Moline Plow Co. v. Kingman Texas Implement Co., 32 Tex. Civ. App. 343, 80 S. W. 1042; Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142.

No reversible error having been shown, the judgment is affirmed.

Affirmed.