## AMERICAN LAW BOOK CO. v. DYKES et al. (No. 23.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Dec. 18, 1925.)

1. Sales ☞239—Creditor, buying in voluntary sale from debtor, crediting full consideration on pre-existing debt, held not bona fide purchaser for value.

Creditor, buying in voluntary sale from debtor, and paying no money, but crediting full consideration on pre-existing debt, is not bona fide purchaser for value.

2. Chattel mortgages ☞153—Chattel mortgage, not filed for record, will be enforced against claimant of property not bona fide purchaser for value.

Chattel mortgage, not filed for record, as required by law, is good, and will be enforced against claimant of property not bona fide purchaser for value.

3. Chattel mortgages ☞138(3)—Seller and chattel mortgagee held to have right to assert that person claiming mortgaged books could not hold them on lien against lawyer because of exemption statute.

In action by seller and chattel mortgagee of law books to recover them against the buyer and buyer's lessor, plaintiff might assert that lessor, who had not foreclosed alleged landlord's lien and who did not ask for foreclosure, had no landlord's lien because of Vernon's Sayles' Ann. Civ. St. 1914, art. 3788, exempting lawyer's library from forced sale.

4. Judgment ☞713(2) — Judgment held conclusive of all matters of defense, although not urged in suit at time.

Judgment is conclusive of all matters of defense, although not urged in suit at time.

5. Judgment ☞16—Judgment foreclosing lien on exempt property is not void.

Judgment of court having jurisdiction over subject-matter foreclosing a lien on exempt property is not void.

6. Limitation of actions ☞201—Findings held not to show that action by seller to recover law books was barred by limitations.

Where, in action by seller of law books to recover possession against landlord of buyer who held books, evidence as to date defendant took possession was conflicting, and proof as to when plaintiff should have known of con-

---

version thereof was wanting, suit filed June 13, 1923, was not barred by two years' limitations by Rev. St. 1911, art. 5687, in view of ,finding that defendant took possession of books "on or about" June 7, 1921.

**7. Landlord and tenant ☞246(4)—Owner of building held not entitled to landlord's lien on rental contract between occupant of office and lessee of building.**

Where contract of rental on attorney's office was between attorney and lessee of building, owner of building could not have landlord's lien on attorney's books, and act of turning back building to owner and taking over claim for rent against attorney would not be assignment of lien, if it existed.

Appeal from Erath County Court; E. T. Chandler, Special Judge.

Action by the American Law Book Company against James B. Dykes and another. Judgment against the named defendant by default. Judgment for defendant Cox, and plaintiff appeals. Reversed and remanded.

Y. W. Holmes, of Comanche, for appellant.

Robert L. Thompson, of Stephenville, for appellee.

RIDGELL, J. On June 13, 1923, the American Law Book Company, appellants, filed this suit against James B. Dykes on a written contract to recover a set of Cyc. alleged to be rented to Dykes and a foreclosure of a mortgage lien on certain volumes of Corpus Juris, and also for the sum of $40 as rents due by Dykes to appellant for the use of said Cyc. It was alleged that Dykes signed an order for the purchase of Corpus Juris, and in the same contract appellant rented Dykes the set of books, who agreed to pay rental of $40 for the use of said books. Dykes was a party to the suit, and did not answer, and judgment by default was rendered against him. The appellee Cox, made party defendant, answered that appellant's mortgage was not filed as required by law, and that in 1921 Dykes was owing to him $180 office rent for the use of appellee's premises in the city of Stephenville; that Dykes could not pay the rent; and that he turned over said books to appellee in full payment of said rentals; and that same were accepted in full payment and satisfaction of appellees' landlord's lien against said books. The appellee further pleaded the two-year statute of limitation. Judgment was rendered in favor of appellee that he recover the books free from all claims of appellant, as well as a judgment for costs, and by the filing of appeal bond this cause is before us for review.

There are no findings of fact and conclusions of law. The cause was submitted to the jury on three special issues as follows:

Special issue No. 1: "Did the defendant J. B. Dykes deliver the books in controversy herein to the defendant R. E. Cox."

Special Issue No. 2: "If you find in answer to the foregoing interrogatory that the defendant Dykes did deliver said books to the defendant Cox, then, did he make such delivery prior to June 13, 1921?"

Special Issue No. 3: "If you find that the defendant Dykes delivered to the defendant Cox the books in controversy herein, then give the date on which R. E. Cox took actual possession of same."

The jury answered:

Special Issue No. 1: "Yes." ·
Special Issue No. 2: "Yes."
Special Issue No. 3: "On or about the 7th day of June, 1921."

There is no dispute but that the appellant, as against Dykes, had a valid lien on Cyc., and that no sale was ever made of the Corpus Juris. It is admitted the mortgage and contract were never recorded. There is no dispute but that Dykes owed the debt and that he turned over the books to appellee Cox, as supported by the finding of the jury.

The first proposition made by appellants is that, the books being turned over to pay for past-due indebtedness, to secure which Cox had no lien, the fact that the appellant's mortgage was not recorded was immaterial, and that Cox would not be a bona fide purchaser for value.

[1] It seems to be well settled by decisions of our courts that one who buys in a voluntary sale from his debtor, and pays no money, but credits the full consideration upon a pre-existing debt, is not a bona fide purchaser for value. McKamey et al. v. Thorp et al., 61 Tex. 648; Overstreet v. Manning, 67 Tex. 657, 4 S. W. 249.

[2] It is also well settled that a chattel mortgage, not filed for record as required by law, is good, and will be enforced against a claimant of the property who is not a bona fide purchaser for value. Grace v. Wade, 45 Tex. 527; Jones v. Graham, 77 N. Y. 628; Ransom v. Schemela, 13 Neb. 77, 12 N. W. 926; Jones on Chattel Mortgages, § 245. All the testimony of plaintiff was to the effect that Dykes turned over the books for past-due rent of $180.

[3-5] It would follow, therefore, that the purchase of Cox would not be effective against the lien of appellant, unless, as contended by appellees, that at the time of the purchase appellee Cox had a landlord's lien on the books. There can be no question if Dykes had pleaded his exemption that it would prevail, for under article 3788, Vernon's Sayles' Civil Statutes, the laws of this state exempt the library of a lawyer from forced sale. We further find that in this suit the appellant, in a controversy with Cox, would have a right to interpose the same defense as Dykes. York v. Carlisle, 19 Tex. Civ. App. 269, 46 S. W. 259. It is true that a judgment is conclusive of all matters of de-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fense which have not been urged in the suit at the time, and the judgment of a court which has jurisdiction over the subject-matter, and which forecloses a lien upon the exempt property, is not void. In this case the appellant asserted, as he has a right to do in a controversy between all the parties, that Cox had no lien by reason of the exemption statute, and we therefore hold that Cox, as against appellant's mortgage, had no lien on the books.

Appellee strenuously insists that, though the books were exempt as to Dykes, appellant could not interpose the plea of exemption, but that alone was reserved to Dykes. This record nowhere shows that appellant ever foreclosed his alleged lien, and in this suit no foreclosure of a landlord's lien is prayed for, and certainly under such circumstances appellants could challenge the lien and interpose the plea of exemption. In the case of York v. Carlisle, 19 Tex. Civ. App. 269, 271, 46 S. W. 257, the court says:

"It is contended by appellee that, as the animal was exempt, it was not subject to the landlord's lien; therefore the judgment rendered against the tenant did not affect the property, and was not conclusive against the appellee as the purchaser. It is true, the tenant could have asserted the exemption, and thereby defeated a judgment foreclosing the lien upon the property, and the appellee, as the purchaser, might, by intervention at the proper time, have interposed the same defense; but no such right or defense was urged, and the judgment of foreclosure proceeded to fix a lien upon the property, and ordering its sale. A defense of this character could have been made, and, in order to prevail, should have been urged."

In this case appellants challenged the lien, and no foreclosure of landlord's lien was asked, and no judgment rendered establishing same in the case supra. The appellants, therefore, were entitled in this suit to plead the exemption and dispute the alleged landlord's lien.

[6] The appellee pleaded the two-year statute of limitation; that is, under article 5687, Revised Civil Statutes. This suit should have commenced to be prosecuted within two years after the cause of action accrued. The proof shows, and the jury found, that Dykes turned over these books to pay his office rent, and that said act was done prior to June 13, 1921. The jury further found that the books were delivered to Cox on or about the 7th day of June, 1921. This suit was filed on June 13, 1923—just two years and 6 days from June 7, 1921. The expression "on or about" is a term used a great deal in criminal indictments, and which, under the law, permits proof that the offense was committed at any time prior to the indictment and within the limitation for the prosecution of the offense. We therefore believe that the finding is too broad and uncertain to justify the application of limitation, and specially in view of almost the uncontradicted testimony.

In the case of Cohn v. Wright et al., 89 Cal. 86, 26 P. 643, the Supreme Court of California held, in an action to enforce a mechanic's lien in writing, which depends upon the filing of a notice within a certain number of days after the completion of the building: A finding that the building was completed "on or about a certain day" was insufficient. See, also, National Wall Paper Co. v. Associated Manufacturers' Mutual Fire Insurance Corp., 60 App. Div. 222, 70 N. Y. S. 124.

The defendant Cox testified that on June 7, 1921, he had a settlement with one Roberts, who had the building leased, and that in said settlement Roberts turned back the building, and gave a statement of the amounts due by each tenant, and that Dykes owed $180 rent; that he (Cox) saw Dykes several times about the rent, but he put him off, and finally told him on the last visit that he just could not pay it, and he (Cox) would have to look to the books for his rent or get it out of the books; that said last conversation may have been in the spring or as early as the first part of the year, he could not tell for certain, and that the books remained in the office, and from that time he never charged him any more rent; that he remembered the occasion of Dykes marrying and leaving Stephenville, and that he was in and around Stephenville from the time of his last conversation until the time he left, but that he never saw him in the office again. He testified that, after the settlement with Roberts on June 7, 1921, he told Thompson & Pittman, attorneys, who had an office adjoining Dykes' to move the books in their office to protect his interest, but he did not know just when they moved them out of Dykes' office. He further testified that he did not know of any claim of the appellant on the books. Geo. B. Roberts testified that he had the office rented to Dykes for $15 per month, and that, at the time he turned the building back on June 7, 1921, Dykes owed $180 rent. B. E. Cook testified that on August 12, 1921, the date it was admitted that Dykes married, he was in Dykes' office, and that Dykes' furniture and books were there, and that Dykes continued to use the office and books up to that date. Under these facts, and the uncertain finding of the jury as to the date appellee took possession of the books, we would not be authorized in upholding a finding of two-year statute of limitation. Again, there is no proof that appellants, by the exercise of ordinary and reasonable diligence, should have known that appellees had converted the books. Under the law, if appellee had not mortgaged but converted the books by purchase then limitation would not run against appellant until they had notice, or by their exercise of ordinary diligence should have known of the conversion. Until the books were moved out of Dykes' office, and Cox began to exercise actual and known ownership

or possession of same, the possession of Dykes was consistent with the alleged possession of Cox.

[7] We do not see how Cox could allege a lien when the indebtedness and rental contract was between Roberts and Dykes, and the act of Roberts turning back the building and taking over the claim against Dykes would not be an assignment of any lien, if one existed. If the jury had found as a matter of fact that Cox had actual possession of the books for more than two years before the suit was filed, and if it was found that appellants had notice, or by the exercise of reasonable diligence should have known, of the adverse claim of Cox, then the matter would present a different situation, but, in the light of the record as before us, we are constrained to reverse and remand this case.

PANNILL, C. J., not sitting.