**AMERICAN LAW BOOK CO. v. DYKES et al.**
**(No. 412.)**

Court of Civil Appeals of Texas. Eastland.
March 9, 1928.

Rehearing Denied April 6, 1928.

**1. Appeal and error ⊙⟹544(1)—In absence of statement of facts, assignments involving sufficiency of evidence are not considered.**

Assignments involving question of sufficiency of evidence to support trial court's findings, present no question for determination on appeal in absence of statement of facts.

**2. Exemptions ⊙⟹118—Books sold lawyer and delivered by him in discharge of office rent were exempt from landlord's lien in foreclosure action under conditional sales contract.**

In action by law book company for foreclosure of lien on books sold under conditional sales contract, in which third party had possession under agreement that books were delivered in discharge of office rent due from attorney who purchased them, books, being part of lawyer's library, were exempt from landlord's lien and delivery to landlord merely represented discharge of pre-existing indebtedness.

**3. Judgment ⊙⟹250—Failure of one holding law books for buyer's office rent, to tender issue of innocent purchaser in conditional seller's suit to foreclose prevented judgment on theory of innocent purchase.**

In action by seller of law books to foreclose unregistered conditional sales contract against buyer and another to whom books were delivered by buyer in payment for office rent, judgment for buyer's landlord in so far as it was based on theory of his innocent purchase of the books was unwarranted where issue of innocent purchaser was not tendered by pleadings, books being exempt from landlord's lien.

**4. Limitation of actions ⊙⟹45—Buyer's use of books in another's possession held not to preclude other's plea of limitation as against conditional seller.**

In foreclosure action by conditional seller of law books against buyer and his landlord holding possession of books, on basis of which a plea of limitation was asserted, landlord's possession and right to invoke statute was not defeated by fact that buyer had access to and use of books so held.

Appeal from Erath County Court; E. T. Chandler, Special Judge.

Suit by the American Law Book Company, against James B. Dykes and another. Judgment against named defendant by default, and in favor of defendant Cox, and plaintiff appeals. Affirmed.

See, also, 278 S. W. 247.

Y. W. Holmes, of Comanche, for appellant.
R. L. Thompson, of Stephenville, for appellees.

FUNDERBURK, J. On June 13, 1923, appellant filed this suit against James B. Dykes for recovery of the amount claimed to be due for a set of Corpus Juris and certain Annotations supplied with the same (law books); for the foreclosure of a lien thereon evidenced by an unregistered sales contract reserving title to the books; also for recovery of a set of Cyc, or in the alternative for the value thereof, which by the terms of the same contract had been rented to Dykes for a stipulated rental with provision for a return of the books to appellant. Appellee Cox was joined as defendant in the suit, the allegations as to him being that he was in possession of all the books under "some sort of a claim of right thereto to hold same for the payment of money," etc. Judgment by default was given as against Dykes. The defendant Cox answered, among other things, that he had had possession of the books for more than two years before the filing of the suit, and that he acquired such possession from Dykes under an agreement that the books were delivered in payment and discharge of a certain sum due for office rents. Judgment was for Cox. No statement of facts appears in the record. The court filed findings of fact and conclusions of law.

The judgment of the trial court is based upon conclusions deduced from findings (1) that appellant's cause of action is barred by the two years' statute of limitations, and (2) that appellee is an innocent purchaser for value.

[1] Appellant's assignments, as we construe them, each and all involve a question of the sufficiency of the evidence to support the trial court's findings. Such being the case, they present no question for our determination in the absence of a statement of facts.

In the absence of an assignment, it is perhaps our duty to notice that there were no pleadings tendering an issue of innocent purchaser. If the judgment of the court below rested on that alone, we would hesitate to let it stand. According to appellant's pleadings, the books were delivered in payment of a past-due indebtedness. On a former appeal this court held that this would not support a claim of innocent purchaser. American Law Book Co. v. Dykes (Tex. Civ. App.) 278 S. W. 247.

[2, 3] It appears to have been the theory of the trial court that, although the books were exempt from a landlord's lien, had the exemption been claimed by Dykes, such exemption was not available to appellant. Upon the former appeal this question too, was decided adversely to the view of the trial court. It was held on the authority of York v. Carlisle, 19 Tex. Civ. App. 269, 46 S. W. 257, that the fact of exemption could be availed of by appellant unless and

until there was a foreclosure of the landlord's lien. We are not disposed now to reexamine the correctness of that holding. We think the trial court found such facts that, taken with the further finding (stated as a conclusion) that the exemption could only be claimed by Dykes, shows that the books were exempt from the landlord's lien. Being exempt, no lien was discharged by delivery of the books to Cox. The books were simply delivered in discharge of a pre-existing indebtedness. Since the principle of innocent purchaser has no general application to personal property, it is necessary in order to make same applicable as against mortgages and other liens, to plead the facts. The pleadings do not tender this issue and we conclude that the judgment, in so far as it is grounded on the theory of innocent purchaser, is without support in the pleadings.

[4] In so far as the judgment rests on a finding of the facts relative to limitations it does not appear to be successfully assailed. The only attack attempted is the finding that Dykes, without the knowledge or consent of Cox, continued to have access to, and to use the books for a time after possession was delivered to Cox. This finding, it is urged, shows there was no such possession by Cox as would support a plea of limitations. The court's finding of continued possession in Cox cannot be varied by such finding of access to, and use of the books by Dykes. Mere access to and use of the books is not necessarily inconsistent with possession by Cox and in the absence of a statement of facts we are not at liberty to consider any question of the sufficiency of the evidence as to possession by Cox.

The judgment of the trial court is, therefore, affirmed.