HARRY KUNA, Appellant, *v.* SUPERIOR FUR DYEING CORPORATION, Respondent.

First Department, February 11, 1938.

*Hyman J. Fliegel* of counsel [*Israel E. Pechter*, attorney], for the appellant.

*Irving R. Kass* of counsel [*Charles Tolleris*, attorney], for the respondent.

CALLAHAN, J. Plaintiff in his complaint seeks to recover the sum of $4,950 for an alleged breach of a written contract of employment, dated December 1, 1932. The contract covered a period of two years from January 3, 1933, and provided that plaintiff was to receive fifty dollars weekly during the first year, and, in addition, $500 at the end of the first year and the sum of seventy-five dollars per week during the second year. Plaintiff was to perform services as a chemist and dyer and to deliver to his employer secret formulae used by plaintiff. The complaint alleges that plaintiff continued in defendant's employ and duly performed all conditions on his part to be performed " until on or about the 9th day of October, 1933, when defendant broke the said contract on its part and discharged the plaintiff from its said employment and refused to permit him to continue therein."

Defendant's answer sets forth as a fourth separate defense that, in an action brought by the plaintiff in the Municipal Court of the City of New York on or about October 28, 1933, plaintiff recovered a judgment against the defendant, which has been paid; that the summons in the Municipal Court action bore the following indorsement: " Action to recover for three weeks' wages due to the plaintiff from the defendant under a written contract, dated Dec. 1, 1932." The present pleadings show that a bill of particulars was served in the Municipal Court action which alleged, among other things: " Plaintiff claims he was not paid for the week commencing October 7, 1933, $50.00." His full claim in the Municipal Court was for $150. In addition to the week mentioned, said claim included wages for two prior weeks to October 7, 1933, at fifty dollars each, during both of which earlier weeks, it is conceded, plaintiff performed a full week's work. In the Municipal Court action plaintiff obtained judgment by default. He submitted an affidavit in which he showed the circumstances under which the first two items of fifty dollars became due, and then added " and the balance of $50 was due to me for employment during the week of October 9, 1933, during which week I was wrongfully discharged by the defendant."

The fourth defense further sets forth in paragraph thirteenth thereof " that the employment of the plaintiff by the defendant was terminated on the 9th day of October, 1933."

In his reply plaintiff states, as to the thirteenth paragraph, that same is denied, " except that plaintiff admits that his employment was terminated by the defendant on or about the 9th day of October, 1933."

The court below ruled that upon these admissions in the pleadings it appeared that there had been a splitting of causes of action, and that the Municipal Court judgment barred the present cause for breach of contract. This was on the theory that, as plaintiff had only worked until the ninth of October he could recover no wages for the week which ended October fourteenth. The court below held that the recovery of fifty dollars for the week from October seventh to fourteenth was necessarily on the basis of breach of contract, though the cause of action was labeled " wages," and barred a second action for damages for unlawful discharge.

We deem it unnecessary to discuss the question of splitting causes of action in determining this appeal, for the reason that, as we construe the pleadings, we find that too strict a construction was placed thereon by the trial court. Pleadings must be liberally construed with a view to substantial justice between the parties. (Civ. Prac. Act, § 275; Mun. Ct. Code, § 93.) In a situation of this sort plaintiff should not be prevented from proving, if he can

do so, any facts which, under the pleadings, would meet the defense asserted.

Plaintiff contends that he can in fact show that the discharge did not become effective until the fourteenth of October, and that services were rendered to that date.

The affidavit submitted to procure judgment in the Municipal Court, alleging as it does that the discharge took place during the week of October 9, 1933, would clearly permit plaintiff to establish that the discharge was effective as of October fourteenth, and that services were rendered up to that day, especially when read in conjunction with the allegation in the Municipal Court complaint showing that plaintiff sought to recover three weeks' wages due.

The present complaint and the admissions contained in the reply with respect to paragraph thirteenth of the answer allege, in effect, a discharge on *or about* the 9th day of October, 1933. A statement in a pleading that something occurred " on or about " a certain date has been held sufficient to permit proof that the occurrence continued several days after the designated date. (*National Wall Paper Co.* v. *Associated Manufacturers' Mut. Fire Ins. Corp.*, 60 App. Div. 222.)

As judgment was rendered on the pleadings, without an opening to the jury, passing references to the facts made by counsel to the trial court, in discussing the motion to dismiss, are not to be considered formal admissions. Even if they be so considered, there is nothing contained in the discussion that would have precluded plaintiff from establishing that the discharge was effective as of the fourteenth of October, or that the rendition of services ended on that day.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., and COHN, J., concur; O'MALLEY and TOWNLEY, JJ., dissent.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.