Lena Henry, Defendant in Error, v. Adolph Breyer, Plaintiff in Error.

Gen. No. 14,641.

Landlord and tenant—*when not liable for personal injuries.* Personal injuries ensuing to a tenant resulting from disrepair of a portion of the premises over which the landlord had no control, cannot be recovered for of the landlord.

Mack, J., dissenting.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. Max Eberhardt, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed with finding of facts. Opinion filed November 19, 1909. Rehearing denied December 3, 1909.

William A. Jones and James K. Lambert, for plaintiff in error.

Wallace Streeter, for defendant in error; Cornelius Lynde, of counsel.

Mr. Justice Smith delivered the opinion of the court.

The plaintiff, Lena Henry, brought action in the Municipal Court of Chicago against Adolph Breyer, the defendant, for injuries sustained by her by the falling of a porch of a house owned by defendant, on July 27, 1906. The trial of the cause resulted in a verdict for $500 against the defendant, and judgment was entered thereon.

The evidence in the record shows that the defendant as owner of the house leased to plaintiff four rooms on the second floor of the house, and that he leased the third or upper floor of the house to one O'Toole. It was a frame building, and Mrs. Henry with her family and the O'Toole family were its only occupants. There was at the rear end of the building a flight of stairs leading up from the ground to the flat occupied by

plaintiff, with a platform at the entrance of plaintiff's flat. From this platform another flight of stairs led up to the apartment occupied by the O'Tooles on the third floor, with a platform at the entrance of the third floor flat. There was a small platform halfway between the platforms above mentioned. These flights of stairs were on the outside of the building. While plaintiff was on this small halfway platform, or, as she testifies, on the top platform leading into the O'Toole flat, with her four children, and while Mrs. O'Toole and her child were also there, the top platform and the stairs leading up to it from the platform at the second story flat fell down, and plaintiff fell to the ground and was injured. The stairs leading from the ground to plaintiff's flat on the second floor of the building and the platform at the second floor remained standing.

A preponderance of the evidence shows, however, that only the small platform halfway up from the second floor platform and the stairs between these platforms fell. The stairs leading from the halfway platform to Mrs. O'Toole's platform at the third floor and that platform were directly nailed or attached to the building and did not fall. The plaintiff, therefore, must have been on this halfway platform, or on the stairs leading up to it.

The evidence does not show, and it is not claimed, that the defendant Breyer, the landlord, expressly agreed to keep the premises occupied by these tenants in repair, or that the defendant Breyer was in control of the stairs and platforms leading up from the second story platform to the third story of the building, unless the facts above stated, in legal effect, gave to him, or placed in him such control.

Access was also had to these apartments by stairs on the east or front end of the building.

The plaintiff offered evidence tending to show that the defendant Breyer had a conversation a short time before the accident in question with one Shooker, a

carpenter, in which Shooker told Breyer that he should fix that porch, and that Breyer replied: "This can stand for years yet." Breyer denies that he had any such conversation and that he ever saw Shooker before the trial.

The question is raised whether, on the facts shown, the defendant Breyer is liable for the alleged injuries.

The liability of the landlord must rest upon the theory that the platform and stairs which fell were common appurtenances to both tenements and used by the tenants as the means of access to and egress from the premises demised to them, and that Breyer, as landlord, retained control over the same for the common use of both tenants, and that, therefore, he was under an implied obligation to use reasonable diligence to keep such platform and stairway in a safe condition. This is the theory urged by counsel for plaintiff.

In our opinion the portion of the stairs and the platform leading up from the second story platform to the third story platform were an appurtenance to the third story flat, and not a common appurtenance to both tenements. They were a necessary means of ingress to and egress from the third story flat only. The stairway was not an appurtenant to any other part of the building. Breyer did not retain control over these stairs and platforms. The control passed to O'Toole as an appurtenance to his flat. No other tenant had the right to use the platforms and stairs against his will or objection.

We do not think the fact that the stairway from the ground to the second story flat leased to the plaintiff was designed and used as a means of access to both tenements in the building, and the stairway leading from the second story platform or porch to the third story flat was a continuation of the same, changes the character of the upper portion of the stairway or its use, or the legal relations of the defendant Breyer to it. The controlling fact is that it could only be used

in connection with the O'Toole flat, and it was not there for the common use of both tenants. The section of the stairway which fell was not necessary or essential to the enjoyment of the second story flat, and it was therefore not a common appurtenance to both flats. Plaintiff did not take with her lease of the second floor flat any easement or right over the section of the stairs which fell, because such easement was not necessary to her enjoyment of the flat leased to her. Taylor's Landlord and T., sec. 162. As said in Root v. Wadhams, 107 N. Y. 384, at page 394 of the opinion: "Nothing passes by the word appurtenances except such incorporeal easements or rights or privileges as are strictly necessary and essential to the proper enjoyment of the estate granted. A mere convenience is not sufficient to thus create such a right or easement. (See Ogden v. Jennings, 62 N. Y., 526; Green v. Collins, 86 id. 246; Griffiths v. Morrison, 106 id. 165.)"

In our opinion the use of and rights and privileges over the section of stairs which fell were strictly necessary and essential to the proper enjoyment of the O'Toole flat and passed to O'Toole as an appurtenance thereto. If so, defendant Breyer had no control over it at the time of the accident, was under no implied obligation to use reasonable diligence to keep it in safe condition for use. In the absence of a covenant to repair, the defendant Breyer is not liable for injury resulting from the faulty construction or condition of the premises, the control over which is in the hands of a tenant, either to the tenant or third persons, unless he was guilty of fraud in misrepresenting the condition of the premises or concealed facts relative to their condition which it was his duty to disclose to the tenant. Woods Landlord and T., sec. 384. There is no evidence in this case of any such fraud or concealment.

We conclude, therefore, that there is no liability on the part of the defendant for the injuries sustained by the plaintiff and that the judgment of the Municipal

Court is erroneous and contrary to law. The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*

MACK, J., dissenting: I cannot agree that the defendant Breyer was not in control of that part of the staircase that fell. There is no contention that he owed complainant a duty as to that part of the staircase because of the fact that she was his second story tenant. As such tenant, she had no right appurtenant to her premises, in and to the staircase leading to the third floor. But it is claimed that he was under the same duty to her that he was to the third floor tenant and to any of her guests.

The exact question is this. A house has several flats, each comprising all of the rooms on one floor. A stairway leads from the ground to the top with platforms on each floor and landings halfway between each floor. The owner of the premises leases the rooms on each floor. The majority of the court concede that on these facts, the landlord will be held to have remained in control of that part of the stairs and landings and platforms over which the tenants of more than one floor necessarily have an easement of passage, but hold that he will be held not to have retained the control of the top floor platform and so much of the stairs as leads to it from the floor next below, because as to these none but the top floor tenant has an easement. We have been unable to find any authority directly in point on the proposition. It may be conceded that the landlord could divide his possession and control, that he could demise with the top floor flat not merely an easement of passage over the upper platform and stairs but the upper platform and top flight of stairs themselves, thus giving the upper floor tenant the right to obstruct them or to use them for any purpose. But in the absence of any evidence of a lease to this effect, or of such actual exclusive possession and use by the upper floor tenant, the proof of ownership and of the common use of the stairway, the lower portion of

which, it is conceded, remains in the landlord's control because of the common right of several tenants, justifies a finding that the landlord and not the upper floor tenant retained the possession and control as well of the upper as of the lower stairs. The presumption that arises from this evidence may of course be rebutted by proof that such possession was in fact demised to the tenant, but no such proof was offered. In my opinion the judgment should be affirmed.