## Alphaa May, Appellee, v. Teresa DiCenso, Appellant.

### Gen. No. 8,819.

Opinion filed October 10, 1934.

A. Morris Williams and Charles L. Rice, for appellant; Joseph A. Londrigan and James E. Londrigan, of counsel.

Gerald G. Ginnaven, for appellee.

Mr. Justice Allaben delivered the opinion of the court.

This is a suit brought by Alphaa May, plaintiff, against Teresa DiCenso, defendant, for personal in-

juries claimed to have been sustained by the plaintiff when a rear porch on a building owned by the defendant gave way and plaintiff fell to the porch below, the plaintiff then being a tenant of the defendant. Trial was had with a jury, and plaintiff recovered a verdict in the sum of $3,000. Motions for new trial, and in arrest of judgment, were overruled. Judgment was entered on the verdict. It is from this judgment that defendant appeals to this court.

On account of the peculiar wording of the two counts of the declaration, and the questions that have been raised concerning same by the defendant, we set out the declaration *in haec verba:*

## "First Count.

"For that whereas, on to-wit the 29th day of April A. D., 1933, the defendant was then and there possessed of, owned, managed, operated, conducted and controlled a certain three story building, located at 121 on North Second Street, City of Springfield, County of Sangamon, State of Illinois, and the said defendant before said date rented the third floor of said building to the plaintiff which building had numerous flats and apartments, which were rented to numerous other persons, and it then and there became and was the duty of the said defendant to keep said building and its stairways in a reasonable, safe condition so that the tenants and all other persons who should enter or leave said building for any legitimate purpose should not be injured while in the exercise of ordinary care for their own safety, and should not be injured because said building or its porches or stairways were not kept in a reasonable safe condition by reason of neglect of the defendant in that behalf.

"Plaintiff further avers that there was a back porch and stairway leading from the rear of the third floor of said building a certain landing and wooden stairway or rear entrance leading from the third floor of

said building to the landing on the second floor and from there to the ground, which said porch, landing and stairway was under the control and supervision of the defendant and which stairway was used in common by all of the tenants of said building and other members of the general public who lawfully and rightfully had occasion to enter or leave the said premises, and over which the defendant retained control, management and possession; that said stairway, landing, porch or flight of wooden steps led from the third floor of the said building aforesaid, to the ground level.

''The plaintiff further avers that it, then and there, became and was the duty of the defendant to exercise due care, skill and caution in controlling, managing and maintaining the said landing, porch and stairway aforesaid, to prevent injury to such tenants or other members of the general public who were lawfully and rightfully using the said landing, porch or stairway aforesaid.

''And the plaintiff further avers that on the day and date aforesaid, at the time of the committing of the grievances hereinafter complained of, she, the plaintiff was in the exercise of ordinary care for her own safety.

''And the plaintiff further avers that on the day and date aforesaid, while she was lawfully in and upon said landing, porch and stairway or flight of wooden steps aforesaid, the defendant, before that time and on the date aforesaid, not regarding her duty in the premises, so carelessly, negligently and improperly permitted the said landing, porch and stairway or flight of wooden steps to become and remain in an old, worn out, defective, decayed, insecure, dangerous and unsafe condition, that by means of the premises and the negligence of the defendant, as aforesaid, and as a direct and proximate result and in consequence thereof, the plaintiff was caused to and did fall through

said porch and landing, aforesaid, down to the second landing or porch, and she thereby, then and there, sustained severe and permanent injuries, both externally and internally, and she was greatly hurt, bruised and wounded in her body and limbs, crushed and maimed and she thereby, then and there sustained severe and permanent injuries, to her limbs, chest, back, arms, abdomen and spine, and she sustained a severe and permanent injury to her nervous system and mental faculties, and she thereby, then and there, became sick, sore, lame and disordered and so remained for a long space of time, to wit, from thence hitherto, during all of which time she suffered great pain and anguish in her body and mind and will in the future so suffer and she was, by reason of her said injuries, and permanently will be, hindered and prevented from attending to her affairs and duties, and she was compelled to and did expend divers large sums of money in and about endeavoring to be cured of her said injuries, as aforesaid, and she will in the future be obliged to lay out and expend divers large sums of money in and about endeavoring to be cured of her said injuries, sickness and disorders occasioned as aforesaid.

"To the damage of the plaintiff in the sum of Six Thousand Dollars ($6,000), and therefore she brings this suit, etc.

### "Second Count.

"For that whereas, on to wit, the 29th day of April, A.D., 1933, the defendant was then and there possessed of, owned, managed, operated, conducted and controlled a certain three story building, located at 121 on North Second Street, City of Springfield, County of Sangamon, State of Illinois, and the said defendant before said date rented the third floor of said building to the plaintiff which building had numerous flats and

apartments, which were rented to numerous other persons, and it then and there became and was the duty of the said defendant to keep said building and its stairways in a reasonable, safe condition so that the tenants and all other persons who should enter or leave said building for any legitimate purpose should not be injured while in the exercise of ordinary care for their own safety, and should not be injured because said building or its porches or stairways were not kept in a reasonable safe condition by reason of neglect of the defendant in that behalf.

"Plaintiff further avers that there was a back porch and stairway leading from the rear of the third floor of said building a certain landing and wooden stairway or rear entrance leading from the third floor of said building to the landing on the second floor and from there to the ground, which said porch, landing and stairway was under the control and supervision of the defendant and which stairway was used in common by all of the tenants of said building and other members or the general public who lawfully and rightfully had occasion to enter or leave the said premises, and over which the defendant retained control, management and possession; that said stairway, landing, porch or flight of wooden steps led from the third floor of the said building aforesaid, to the ground level.

"The plaintiff further avers that it, then and there, became and was the duty of the defendant to exercise due care, skill and caution in controlling, managing and maintaining the said landing, porch and stairway aforesaid, to prevent injury to such tenants or other members of the general public who were lawfully and rightfully using the said building, porch and stairway aforesaid.

"And the plaintiff further avers that on the day and date aforesaid, at the time of the committing of the

grievances hereinafter complained of, she, the plaintiff was in the exercise of ordinary care for her own safety.

"And the plaintiff further avers that on the day and date aforesaid, while she was lawfully in and upon said porch and landing, the defendant then and there before that time and on the date aforesaid not regarding her duty in the premises, so carelessly, negligently and improperly permitted the said porch and landing of wooden construction to become and remain in an old, worn out, defective, decayed, insecure, dangerous and unsafe condition, that by means of said premises and the negligence of the defendant, as aforesaid, and as a direct and proximate result and in consequence thereof, the said porch and landing broke or gave away, and the plaintiff was then and there precipitated, hurled and thrown to and upon the landing on the second floor and divers other objects there and she thereby, then and there, sustained injuries and damages as alleged in the first count of this declaration and which said injuries and damages as so alleged in the first count of said declaration are expressly made a part hereof.

"To the damage of the plaintiff in the sum of Six Thousand ($6,000.00) Dollars and thereof she brings this suit, etc."

It will be noted that nowhere in either count of the declaration is it alleged that the landing or porch was used in common by all of the tenants of the building, and other members of the general public who had occasion to enter or leave the premises.

The evidence tends to prove that on April 29, 1933, about 11 o'clock in the morning, the plaintiff started to take out the garbage from her apartment on the third floor, which was the sole apartment on that floor, on to the porch; that when the plaintiff had put the garbage into the basket which was on the rear porch

of the third floor, and turned around, to start towards the rear door, the whole porch gave way, and she fell to the second floor, a distance of over 10 feet, landing on her right side, with her right arm up, even with her head; that she was carried next door, placed on a bed, and an ambulance was called; that she was taken by ambulance to St. John's Hospital, treated by Dr. Lindquist for two days, and later by Dr. Jelliffe; that she was confined to the hospital 12 days; that the hospital bill was in the sum of $32.60; that she was in bed at home for three months thereafter; that she still complains of pain, and inability to do her housework; that the premises were owned at least in part by the defendant; that the plaintiff had lived in the building since September 23, 1931, and that she made frequent use of the rear porch and the stairways leading to the ground; that there was another entrance to this third floor apartment, from the front; that in the summer of 1931 the city building inspector inspected the rear stairway, found it dilapidated and rotten, the treads broken and rotten, the platform rotten, and the stringers under it, and the joists, all pretty well "shot," ready to collapse. Defendant was told all about this. There is some evidence to the effect that there were no warning signs on the rear of this building, and some evidence to the effect that there were signs warning people that the stairway was in a dangerous condition.

The evidence tends to show that while the defendant made some repairs before the accident the condition of the rear porches, landings and stairways was bad at the time of the happening of the accident. There were some pictures admitted in evidence, about which comment is deferred; also some broken pieces of wood which came from the broken porch. There was also evidence which tended to show that there was an agreement whereby method of ingress and egress from a

building adjoining the building of the defendant was to be allowed by the defendant. There is some further testimony that some tenants from this building did use the stairway. There is also some medical testimony as to the condition of the plaintiff.

It is insisted by the defendant that the trial court erred in not granting the defendant's request for a peremptory instruction at the close of the plaintiff's case. This is based upon the proposition that there is no duty on the landlord to keep premises in repair except such premises as are used as a common way. In this regard it is particularly to be noted that the only parts of the rear structure which the plaintiff alleges in her declaration were common ways were the "stairways" as we have previously pointed out. The plaintiff attempted to show that tenants from other buildings used the premises as a common way, but the evidence shows that it was only the stairway which was used, and, in any event, the declaration not charging that this rear porch was used as a common way, she could not prove otherwise, and on such testimony predicate liability. It is well settled that a landlord is not responsible for defects in the premises at the time of the letting, unless they were latent and the landlord had been guilty of fraud and deceit in the letting, nor is he bound to repair unless he has expressly agreed so to do at the time of the letting, and a promise to repair made after the letting is *nudum pactum*. It must be borne in mind that it was not the stairway which gave way, but it was the rear porch of the third and top floor, and that at the time plaintiff was taking her garbage from the interior and placing it upon her porch. It was held in *Henry v. Breyer*, 151 Ill. App. 566, "Personal injuries ensuing to a tenant resulting from disrepair of a portion of the premises over which the landlord had no control cannot be recovered for of the landlord."

It is, therefore, our opinion that the court should have instructed the jury to find for the defendant at the close of the plaintiff's evidence.

Complaint is made by the defendant that the trial court improperly admitted in evidence certain photographs of the premises, namely, plaintiff's Exhibits 9, 10 and 11. These photographs were identified by William Samuel May. His testimony was that the photographs were taken by some ladies three weeks after the accident. He also testified as to all three that they fairly represent the condition existing immediately after April 29, 1933, or on April 29, 1933. The accident occurred at 11 o'clock in the morning. He first learned that his wife had been hurt when he came home from work that night, and he then went to the rear to view the premises. It is apparent that some hours elapsed between the time of the accident and the time that he first viewed the premises, so that it was impossible for him to say that the photographs represented truly the condition as they existed just prior to or at the time of the accident. Many changes might have occurred during the interval of time. This necessary qualification being omitted, these photographs, being plaintiff's Exhibits 9, 10 and 11, were improperly admitted in evidence. (*Wabash R. Co. v. Farrell*, 79 Ill. App. 508.)

Complaint is made as to the third, fifth and sixth instructions given by the court at the request of the plaintiff. The third instruction is as follows:

"If the Jury believe from the greater weight of the evidence that Teresa DiCenso rents different parts of the building to various tenants and retains control over the back stairway and other stairways, or other methods of approach to the several portions of the building, for the common use of the tenants, and that Alphaa May was lawfully using said stairway and using due care and caution at the time, for her own

safety, and that said stairway landing was in a worn out and decayed condition due to the failure of Teresa DiCenso to keep said stairways and landings in a reasonable and safe condition of repair and that as a proximate result of the negligence of the defendant, the plaintiff was injured, then you should find the issues in this case for the plaintiff, Alphaa May.'' It would appear that part of the instruction wherein said instruction states: ''And that Alphaa May was lawfully using said stairway,'' had no application to this case because it was not on account of any defect in the stairway that she was injured, nor was she using same at the time of the accident. We believe the instruction is erroneous for the further reason that it assumes that the defendant retained control of the porch on the third floor.

The fifth instruction is as follows:

''You are instructed that if you believe from a preponderance of the evidence that the platform or landing in question was in such a defective condition as to render it unsafe for people who have the right to be upon said platform or landing, that the defendant had knowledge of the defective condition and failed or refused to change the condition thereof; then such failure to change the condition of said platform or landing would amount to negligence on the part of the defendant.'' The same objection, that it assumes that defendant retained control of the platform or landing, applies to the fifth instruction that applied to the third instruction.

The sixth instruction is as follows:

''The Court instructs the jury that if you believe from the greater weight of the evidence that the plaintiff received the injury or injuries, that such injury or injuries, if any, was or were proximately caused by the negligence of the defendant, and that at the time and upon the occasion of said injury or injuries, if

any, the plaintiff was in the exercise of due care and caution for her own safety, all as alleged in plaintiff's declaration herein as set forth, and defined in these instructions, you may find the issues for the plaintiff.'' This instruction refers the jury to the fifth instruction for a definition of negligence which was erroneous and therefore should not have been given.

It is further complained that the eighth instruction is erroneous; also that the amount of the verdict is excessive, and that the motion in arrest of judgment should have been allowed, and further that the jury was not properly constituted; all of which will not be discussed for the reason that this case must be reversed and remanded for the reasons heretofore set forth, and we have no doubt that on a retrial these questions will not arise again.

For the reasons heretofore set forth the judgment of the trial court is reversed, and this cause is remanded for a new trial.

*Reversed and remanded.*